Elsie D. Troup et al., appellees, v. P. W. Horbach et al., appellants.

Filed September 18, 1901. No. 10,208.

1. **Confirmation of Sale: Appeal: Supersedeas and Reversal: The Title of Purchaser Fails: Levy May Be Quashed and Sale Vacated.** Defendants appeal from a final order confirming a sale of real estate made to the execution plaintiffs under an execution issued on a judgment rendered in an equity action, the final order being superseded during the pendency of the appeal. The judgment on which the execution was issued having in the meantime been reversed, *held*, that thereby the title of the purchaser to the property failed, and that an order might properly be entered in this court quashing the levy and vacating the sale.

2. **Appeal Brings Up Cause for Trial De Novo.** An appeal is not a remedy to correct errors of law only, but brings the case to the appellate court for a trial *de novo*. *Wilcox v. Saunders*, 4 Nebr., 569.

Appeal from the district court for Douglas county. Heard below before Keysor, J. *Reversed.*

*John D. Howe* and *Edward R. Duffie*, for appellants.

*G. M. Johnston* and *J. E. Cobbey*, contra.

Holcomb, J.

Appellants Horbach and Horbach by appeal come to this court from a final order entered in the district court for Douglas county confirming a sale of real estate made by the sheriff under an execution and a subsequent *venditioni exponas* issued on a judgment obtained in the district court of Gage county in an action in equity by several creditors of a corporation against the appellants and others as stockholders by reason of their liability under section 4, article 11 of the constitution, under the sub-title "Miscellaneous Corporations." The appellees make no appearance. The judgment rendered in the equity action, although an appeal was taken to this court, was unsuper-

seded and the plaintiffs have undertaken its enforcement by the issuance of the execution on the return of which the final order in this proceeding was founded.

The real estate levied upon was sold to one of the attorneys for the plaintiffs acting in behalf of and as trustee for all the judgment creditors who had obtained judgments in the original action. The return of the sheriff shows that: "The plaintiff having purchased the above described property, I did not receive any money in consideration of the above sale." The order of confirmation was superseded by the execution of an undertaking as required by the trial court, and no further steps have been taken to perfect the sale made by the sheriff or execute to the purchaser a deed for the property sold under the execution.

It is argued that the execution and vendi are illegal and void because of the form in which issued, and that the motion of appellants to quash the levy made by the sheriff and the objections made to the confirmation of the sale for the reasons stated should have been sustained by the trial court and should now by this court be held well taken. Since the order of confirmation was entered by the trial court, the judgment on which the execution was issued has been by this court reversed. *Troup v. Horbach*, 53 Nebr., 795. This leaves nothing for the execution to rest upon, and we are of the opinion that the appeal may properly be disposed of on this ground alone and without engaging in a discussion of the legality of the writs of execution and vendi which was the question presented and argued to the trial court. The effect of the reversal is, we think, to annul the execution. *Ballard v. Whitlock*, 18 Grat. [Va.], 235; *Hamlin v. Coleman*, 74 Ga., 831. The sale of the property under the execution was to the plaintiffs and has not yet been perfected. The sale is not completed until the execution and delivery of a sheriff's deed. This has been stayed by the execution of a supersedeas bond. Upon the reversal of the judgment, the title to the property, conceding it to have passed to the purchaser, the land having been sold to the plaintiffs, fails, and it is

their legal duty to make restitution to the execution defendant of the same property purchased by them at the sale under the execution. 3 Freeman, Executions, sec. 347.

The appeal taken in this action brings the case here, not only for the correction of errors of the trial court, but for a trial *de novo,* and it is within the authority of this court to enter such a judgment or order as may be justified by the record. *Wilcox v. Saunders,* 4 Nebr., 569; *Porter v. Sherman County Banking Co.,* 40 Nebr., 274.

For the reasons given, the order of confirmation is vacated and the levy of the execution quashed and the sale of the property thereunder set aside and annulled.

JUDGMENT ACCORDINGLY.

SULLIVAN, J., absent, not voting.