JOHN W. BAXTER, APPELLEE, v. NATIONAL MORTGAGE LOAN COMPANY, APPELLANT.

FILED JANUARY 24, 1936. No. 29274.

*John C. Hartigan* and *Peterson & Devoe,* for appellant.

*Stewart, Stewart & Whitworth* and *Charles B. Paine,* contra.

Heard before GOSS, C. J., ROSE, GOOD, DAY and CARTER, JJ., and CHASE, District Judge.

DAY, J.

The appellant, defendant in the district court, moves that the order of confirmation entered in the district court be vacated, the sale set aside, and the levy of execution upon which it is based quashed. The premises levied upon were the property of the defendant; were bid in by the plaintiff; the sale confirmed; the order of confirmation superseded, and this appeal perfected to this court after which the judgment under which the execution was issued has been reversed by this court.

Section 20-1541, Comp. St. 1929, provides: "If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but, in such case, restitution shall be made by the judgment creditor, of the moneys for which such lands or tenements were sold, with lawful interest from the day of sale." This provision was enacted in 1866 and has never been amended. It was in full force and effect in 1901 when *Troup v. Horbach,* 62 Neb. 564, 87 N. W. 316, was decided. Where a defendant appeals from an order confirming a sale to plaintiff of realty under execution issued on a judgment, said order being superseded, and the judgment on which the execution is issued is reversed, an order may be entered quashing the levy and vacating the sale.

This rule is supported by the weight of authority. An annotater states: "In the majority of jurisdictions where the question has been judicially determined, the rule has

been laid down that if the judgment creditor, or any other party to the record, purchases at the execution sale, a reversal or vacation of the judgment puts an end to his title." 29 A. L. R. 1078. See cases cited including *Nelson v. City of Beatrice,* 2 Neb. (Unof.) 47, 96 N. W. 288.

This rule does not conflict with the statute herein quoted. There is no sale as contemplated by the statute until the order of confirmation is entered and the time for superseding said order has elapsed. Comp. St. 1929, sec. 20-1541. The judgment which was the basis for the execution and the sale having been reversed, there is no judgment to support either the execution or the sale. There is no substantial practical reason why the execution and the sale should not be set aside and the execution quashed. Even if the sale were confirmed by this court, the plaintiff is required under the statute to make restitution. This will accomplish the same result, and justice will prevail without traveling a circuitous route. The district court is directed to set aside the sale and quash the execution under which it was issued.

REMANDED, WITH DIRECTIONS.