## WHITE v. WHITE.

Divorce: ALIMONY: SUBSEQUENT ALLOWANCE FOR SUPPORT OF CHILD. Plaintiff, in a prior action, procured a divorce from defendant and the custody of their child, and five hundred and twenty-five dollars alimony. Prior to the decree the parties agreed that, in case a divorce was granted, plaintiff should have the child, and five hundred and twenty-five dollars in full of her share of the property, and that she should care for, support and educate the child. *Held* that she could not maintain a subsequent suit for additional money for the support of the child; not, at least, without showing a change in the circumstances of the parties. ( *Reid v. Reid,* 74 Iowa, 681, *followed*).

*Appeal from Marshall District Court.*—HON. D. D. MIRACLE, Judge.

FILED, SEPTEMBER 10, 1888.

THE plaintiff and the defendant were formerly husband and wife. They were divorced upon the complaint of the plaintiff, in April, 1886. There was one child, the issue of the marriage, the custody of which was awarded to the plaintiff, and she was allowed alimony in the sum of five hundred and twenty-five dollars, which has been fully paid. She commenced this action in August, 1887, in which she asks that the defendant be decreed to pay a sum at stated periods for the support of the child. There was a demurrer to the petition, which was overruled. The defendant answered, and a demurrer to the answer was overruled. Plaintiff appeals.

*O. L. Binford* and *J. H. Bradley,* for appellant.

*Caswell & Meeker,* for appellee.

ROTHROCK, J.—It is not claimed that there has been any change in the circumstances of the parties which would authorize a modification of the decree so far as it pertains to alimony or to the support of the child. It is averred in the answer that there has been no such change. Besides, it appears from the answer that, before the decree of divorce was entered, the parties in good faith entered into an agreement in writing by which it was stipulated that in case a divorce should be granted the plaintiff should have the custody of the child, and care for and support and educate it, and the defendant should pay the plaintiff five hundred and twenty-five dollars in full of her share of their property. The case of *Reid v. Reid,* 74 Iowa, 681, is decisive of the case at bar. The court correctly held that the plaintiff was not entitled to the relief asked.

AFFIRMED.