### STRAUS v. STRAUS.

*(Supreme Court, General Term, Third Department.* May 21, 1891.)

DIVORCE—ALIMONY—ADDITIONAL ALLOWANCE.

> Plaintiff was decreed $30 per month alimony in November, 1889. In January, 1891, she applied for an increase to $50 per month, without showing any facts or grounds for the application not known to her when the original order was made. She had in the mean time received $3,000 from her husband belonging to her. *Held*, that additional alimony should not be granted except on clear evidence that new or previously unknown facts require it, and that plaintiff's application must be denied, no such evidence being produced to support her claim.

Appeal from special term, Montgomery county.

Action by Sallie Straus against David Straus for limited divorce. From an order granting an additional sum for alimony, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edward J. Maxwell,* for appellant. *Westbrook, Borst & Perkins, (Z. S. Westbrook,* of counsel,) for respondent.

LEARNED, P. J. This is an action for limited divorce. An order was made in November, 1889, for $30 per month alimony by Justice FISH, together with $250 for counsel fees. An order was made in January, 1891, for an increase to $50 per month, and for further counsel fees of $100. From that part which allows additional alimony the defendant appeals. There is no doubt of the power of the court to increase the alimony; but an increase should not be granted unless new facts are shown which did not exist, or were not known to the appellee when the former order was made. Otherwise the application becomes practically an appeal to another justice from the discretion exercised by the justice who granted the former order. In the former order in this present case the plaintiff asked for $50 per month, but the justice held that $30 would be sufficient. The affidavits on which the second order was granted are those of the plaintiff and of her attorney. The latter only touches the question of counsel fee, which is not before us. Looking, then, at the affidavit of the plaintiff, we find no facts stated which show any change of condition since the first order, except that defendant has repaid to plaintiff $3,000, property belonging to her. She states that she is in debt, and needs clothing for herself and her child, and that she is unable to support herself out of the allowance. But assuming, as we must, that the alimony granted by Judge FISH was proper and sufficient at that time, no subsequent facts are shown to justify the increase. Indeed, the possession of $3,000 has enabled the plaintiff in some degree to support herself. We think that no additional alimony should be granted in such cases, except on clear evidence that new, or previously unknown, facts require it. The part of the order appealed from is reversed, without costs to either party.

All concur.