## Thomas B. Shaw v. Azilda Shaw.

1. ALIMONY—*Allowed in Gross, Allowance Not to be Altered.*—Section 18 of chapter 40, R. S., entitled Divorce, providing that the court may, on application, from time to time make such alteration in the allowance of alimony and maintenance, etc., as appears reasonable and proper, has no application to decrees where alimony has been allowed in gross.

2. SAME—*Alteration in Allowances.*—Courts may, upon application, from time to time make such alterations in the allowance of alimony and maintenance, and the care, custody and support of children, as is reasonable and proper.

3. SAME—*Allowance of Sums in Gross—Effect of.*—Where, in a decree for divorce, the wife is given a sum in gross as her alimony, it is in full discharge and satisfaction of all claims for future support, and the court has no jurisdiction to modify it at a subsequent term.

Shaw v. Shaw.

**Divorce and Alimony.**—Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

E. L. BEDFORD and M. REES, attorneys for appellant.

D. & T. J. and J. M. SHEEAN, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an appeal from an order modifying a decree for alimony entered on the 11th of June, 1886, by the Circuit Court of Jo Daviess County, when granting a divorce to appellee from appellant on the ground of habitual drunkenness.

The original decree gave to appellee the exclusive use for seven years of certain town lots in the village of Elizabeth, Illinois, on which was situated a frame hotel building worth about $1,500, the exclusive use of two-thirds of the hotel furniture for seven years and one-third of the furniture absolutely. The decree required her to pay all taxes on the property and to pay appellant $50 per year during the seven years, and at the expiration of that period to surrender to appellant the hotel property and two-thirds of the furniture.

The modification which was entered upon her petition June 4, 1894, relieved appellee from the payment of four installments of the $50 which she had failed to pay, and required appellant to pay for the support of appellee and the education of their minor child $150 per year for three years.

For appellant it is contended that the modification is erroneous because the original decree gave appellee " alimony in gross," and that the Circuit Court at a subsequent term and after appellant had fully complied with the terms of the decree had no power to change it. For appellee it is contended that under the latter part of section 18 of the divorce act the modification is authorized.

The section relates to the custody of the children, and the

part under which the contention is made, reads : " And the court may, on application, from time to time make such alteration in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper."

This provision does not apply to a decree where alimony has been allowed in gross. Where, in a decree for divorce, the wife is given a sum in gross as her alimony, it is held to be in full discharge and satisfaction of all claim for future support. So far as the decree relates to that subject it is at an end, and the court has no jurisdiction to modify it at a subsequent term. Plaster v. Plaster, 47 Ill. 290.

We do not understand that the case of Cole v. Cole, 142 Ill. 19, overrules Plaster v. Plaster.

What is said by the learned judge who delivered the opinion in Cole v. Cole, was said with reference to a decree for continuing alimony. In that case the alimony decreed to the wife was $50 per month. When the court said that the " power over the subject-matter of alimony is not exhausted by the entry of the original order, but is, under the statute, continuing, for the purpose at any time of making alterations thereof as shall appear to the chancellor in the exercise of a judicial discretion, reasonable and proper," it must be understood as applying to continuing alimony.

We prefer to place our action upon a ground that will harmonize with the views of our Supreme Court as expressed in Plaster v. Plaster, and hold that the alimony in this case as granted by the original decree was not in gross. The power of the court to alter the decree with reference to alimony was not exhausted at the term at which the original decree was entered.

We do not care to discuss the evidence relating to the conduct of appellant toward appellee and her daughter, while appellee had charge of the hotel. The language testified to, for vulgarity and filthiness exceeds anything we have ever seen in a record or heard in a court room.

We content ourselves with saying that the modification is just. Judgment affirmed.