JOHN F. BEARD, APPELLANT, V. ANNA M. BEARD, APPELLEE.

FILED FEBRUARY 9, 1899. No. 8700.

1. **Divorce:** VACATING DECREE AFTER TERM. Where, in a divorce proceeding, a decree is entered dissolving a marriage, and awarding the wife a judgment against the husband for $—— in full of all her claims upon him or his property by reason of their former marriage relations, it seems that the courts have no jurisdiction to vacate or modify such a judgment, after the term at which rendered, solely because of a change in the circumstances, financial or otherwise, of either of the parties thereto.

2. ——: ——. Such a judgment is a judicial determination of the share of the husband's property to which the wife is entitled as permanent alimony, and is final and conclusive unless modified or vacated in a direct proceeding.

3. ——: ——: GROUNDS. If, by reason of a change in the circumstances or conditions of either or both the parties, the courts have jurisdiction to vacate or modify such judgment after term, the fact that the property of the husband has depreciated in value, because of drouths and crop failures since the entry of the judgment, is not sufficient to support a decree modifying or vacating such judgment.

4. ——: ——: STATUTES. It seems that section 27, chapter 25, Compiled Statutes, is not applicable to such a judgment as mentioned above, but to an award for alimony payable so much weekly, monthly, etc., until the further order of the court.

APPEAL from the district court of Burt county. Heard below before KEYSOR, J. *Affirmed.*

*W. G. Sears* and *H. H. Bowes,* for appellant.

References: *Ellis v. Ellis,* 13 Neb. 95; *O'Brien v. O'Brien,* 19 Neb. 587; *Vert v. Vert,* 54 N. W. Rep. [S. Dak.] 655; *Cole v. Cole,* 31 N. E. Rep. [Ill.] 109; *Blythe v. Blythe,* 25 Ia. 268; *Wilde v. Wilde,* 36 Ia. 321; *Olney v. Watts,* 43 O. St. 500; *Cochran v. Cochran,* 42 Neb. 630; *Andrews v. Andrews,* 15 Ia. 423; *Shaw v. McHenry,* 52 Ia. 182.

*Osborn & Aye* and *Clark O'Hanlon, contra.*

References: *Fischli v. Fischli,* 1 Blackf. [Ind.] 360, 12 Am. Dec. 251; *Shaw v. Shaw,* 59 Ill. App. 268; *Sammis v. Medbury,* 14 R. I. 214.

RAGAN, C.

John F. Beard brought an action in the district court of Burt county against his wife, Anna M. Beard, for a divorce. The wife appeared and answered the petition of her husband, and filed a cross-petition, in which she prayed that a divorce might be decreed to her. A trial was had, and on April 2, 1892, the court entered a decree dismissing the husband's petition for divorce and granting the wife a divorce from her husband, on the ground of extreme cruelty of the husband, the cruelty consisting in personal violence used by the husband towards the wife. At the time this decree was rendered there were living two children, ten and five years of age, respectively, the fruits of the marriage of these parties. The court found that the husband was an unfit person to have the care and custody of the children, and decreed their care and custody to the wife, until the further order of the court. The court also found that the husband was possessed of property, consisting of personal property, some farm lands, and a business house and lot in the city of Blair, Nebraska, of the value of $12,000, and that for the purposes of the suitable maintenance of the wife and the nurture and education of the two children she

should recover from her husband the sum of $5,000, the same to be in full of all her claims against the husband growing out of their marriage relations; and thereupon the court entered a decree that the wife recover of the husband the said sum of $5,000. Certain payments were to be made at certain specified times, and from thence $500 was to be paid annually until the full payment of the said $5,000. In March, 1896, the husband filed an application in that case in the district court of Burt county, in which he recited that he had paid the judgment awarded the wife with the exception of some $1,500 and interest; that because of drouths and crop failures his real estate and personal property had depreciated in value until, in his opinion, a forced sale of all the property owned by him would not bring more than $5,000; and he prayed to be relieved from any further payments on said judgment, and that the same might be canceled. The district court denied the husband's application to relieve him from the balance of the judgment, but, by agreement of the wife in open court, reduced the annual payments from $500 to $350. The husband has appealed from this order.

1. If the district court was invested with any authority to vacate or annul the money judgment awarded by the district court to the wife in the divorce proceeding, or to reduce the amount of that judgment, it certainly did not abuse its discretion in refusing to do so. The fact that the husband's property in 1896 had depreciated in value by reason of crop failures and drouths, since the rendition of the judgment in favor of the wife, was not sufficient to authorize the district court to release the husband from the payment of the balance or any part of that judgment. The wife and both the children were still living. It was not alleged nor proven that either of them had come into possession of other property; that she was dissipating and wasting the money awarded by the court towards the support and maintenance of the children and not using it for that purpose; nor that the property

of the husband, by reason of its character, or from any other cause, had become practically worthless. We do not say that, if these facts had been pleaded and proved, they would have entitled the husband to a cancellation of the judgment; but, if the court had the power to modify or release the money judgment by reason of the changed circumstances and conditions, those shown by the husband in his application for the annulment of the judgment were not sufficient. The facts stated in the husband's application here were insufficient to sustain an order of the court annulling or reducing the amount of this judgment, if the court under any circumstances had authority to make such an order.

2. We do not decide whether the district court had any authority to reduce the amount of the judgment rendered in the divorce case upon the application of the husband. It is claimed by the husband that such authority is conferred upon the court by section 27, chapter 25, Compiled Statutes; but it would seem that that section confers power upon the court to revise and alter a decree for alimony when the alimony awarded is a certain sum payable per week, per month, or per year, etc., until a further order of the court. The alimony awarded the wife in this divorce suit was a sum in gross, meant and intended by the court to be in lieu of her dower, homestead, and all her other rights and claims against the property of the husband. It was in effect a decree awarding the wife a money judgment for her share of the common property of the husband and wife, upon the dissolution of the marriage; and where the court granting the divorce awards the wife a sum of money in gross in lieu of her dower, homestead, or other rights in the husband's property, and adjourns *sine die*, such a judgment becomes a positive, final, and conclusive one, and cannot be changed or modified after the term at which it was rendered, except for the causes and in the same manner that other judgments may be modified. (*Sammis v. Medbury*, 14 R. I. 214; *Vert v. Vert*, 54 N. W.

Rep. [S. Dak.] 655; *Cole v. Cole*, 31 N. E. Rep. [Ill.] 109; *Olney v. Watts*, 43 O. St. 500; *Shaw v. Shaw*, 59 Ill. App. 268.) The decree appealed from is

AFFIRMED.

IRVINE, C., not sitting.