JOHN C. WHARTON, APPELLEE, V. EARL E. JACKSON ET AL.: MINERVA A. JACKSON ET AL., APPELLEES AND CROSS-APPELLANTS: WILLIAM MADISON, APPELLANT AND CROSS-APPELLEE.

FILED DECEMBER 1, 1921. No. 21697.

1. **Divorce**: ALIMONY: FINAL DECREE. A decree of the trial court in a divorce case in favor of the wife, granting $15 a month during the minority of a daughter, aged five, and of a son, aged three, or of either of them, where the term of court has ended and there have been no proceedings to review nor revise, is a final judgment and became a lien upon the real estate owned by the husband in another county as soon as a transcript of the judgment was filed there.

2. ———: ———: COLLATERAL ATTACK. Such a judgment, unless affected by some jurisdictional infirmity, cannot be attacked collaterally by one who ignored the lien and purchased the real estate of the husband, and, in a foreclosure suit of a mortgage upon the property, seeks to defeat the lien of the judgment on the ground that it is not a final judgment.

3. ———: ———: DECREE: LIEN. Such a judgment is for a definite amount and is a lien, not only for the amount of the matured unpaid instalments and interest thereon, but also as security for the payment of those instalments yet to become due during the minority of the younger child.

4. **Evidence**: PRESUMPTION. In the entire absence of facts upon which might be based a contrary inference, the natural presumption is that a boy 10 years' old will live to be 21 years' old.

APPEAL from the district court for McPherson county:

HANSON M. GRIMES, JUDGE. *Affirmed in part, and reversed in part, with directions.*

*Hoagland & Carr,* for appellant.

*Halligan, Beatty & Halligan,* *M. O. Cunningham* and *W. E. Shuman, contra.*

Heard before LETTON, DEAN and DAY, JJ., CORCORAN and GOSS, District Judges.

GOSS, District Judge.

This is an action to foreclose a mortgage on a section of land in McPherson county. The controversy is over the question as to whether a decree for alimony is a lien, to what extent it is a lien, and its rank. Earl E. Jackson homesteaded the land, made final proof, received his receiver's receipt August 14, 1913, recorded it January 3, 1914, received his patent March 4, 1914, and recorded it November 8, 1915. In Douglas county on April 23, 1913, Minerva A. Jackson was granted a decree of divorce from Earl E. Jackson, in which it was provided that he should pay $40 then due on a previous order, $25 counsel fees, and, as permanent support and maintenance, the sum of $15 a month, beginning May 1, 1913, during the minority of the children, Ellen O. Jackson, aged five, and Leslie E. Jackson, aged three. August 3, 1913, a transcript of the decree was filed in McPherson county. Nothing has been paid or recovered on the decree. Minerva A. Jackson has become insane, but she and the two children are represented by guardians and are cross-appellants. January 3, 1914, Earl E. Jackson made a $500 mortgage on the land; it was recorded January 5, 1914; and came by assignment to plaintiff. On January 27, 1915, Jackson conveyed the land, subject to the mortgage, to William Madison, the appellant. May 24, 1920, the trial court entered a decree giving cross-appellants a first lien for the $65 and for $85 due and unpaid instalments of alimony of $15 each, with interest, and gave plaintiff a second lien for the amount due on his mortgage. Plain-

tiff does not appeal. William Madison appeals because he thinks the court erred in allowing any lien on account of the decree for alimony, and cross-appellants appeal on the theory that the court erred in not including in the decree the present worth of the 131 instalments not then due but yet to become due before Leslie E. Jackson would reach his majority on December 12, 1931.

Counsel for appellant Madison, in their brief and oral argument, waived consideration of all minor errors claimed, and narrowed the case to these two points: First. Was the decree for alimony in the sum of $15 a month during the minority of the children such order as could be a lien upon the land? Second. Even if the amount already due may be a lien, can those instalments not yet due be a lien?

The chief points urged against the decree for alimony are that it was not a final judgment and was not for a definite amount. This is a matter requiring the application of our own statutes. We are not helped much by cases from other jurisdictions. To save space we abstract the pertinent statutes from our Revised Statutes of 1913: Section 7994 defines a judgment to be the final determination of the rights of the parties in an action; section 8575 says decree means judgment; section 8176 defines a final order as an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; section 1585 provides that judgments and orders for payment of alimony or maintenance shall be liens upon property and be enforced as in other actions; section 1589 specifically provides that all decrees for alimony or maintenance shall be liens upon the property of the husband; section 1590 provides that the court may, on the petition of either party, revise and alter the decree respecting the amount of alimony or allowance, or the payment thereof; and section 1606 provides that the decree shall at the expiration of six months become final without any further action of the court.

The divorce decree affected the substantial rights of

Earl E. Jackson and prevented him from obtaining a judgment in his favor, within the contemplation of section 8176. It was therefore a final order on which he could obtain a review. It was not only apparently but really a final determination of the rights of the parties, as suggested in the language of section 7994, for the evidence in this case shows no attempt to review or to revise the decree. The only thing that would defeat this conclusion would be a construction of section 1590 withdrawing from a decree of divorce the attribute of finality because of the statutory reservation of the right to revise or alter such a decree in the matter of alimony. Section 1590 has been considered by this court, and it has been held that, unless it be waived, a petition must be filed and summons served before a decree can be revised after the term. *Ellis v. Ellis,* 13 Neb. 91. The petition to revise must be based upon facts or circumstances arising subsequent to the decree, or a good reason must be shown why the issues now tendered were not litigated, else the decree will be deemed *res adjudicata. Chambers v. Chambers,* 75 Neb. 580; *Cizek v. Cizek,* 76 Neb. 797.

Also jurisdiction of the court in matters relating to divorce and alimony is given by statute, and every power exercised by the court in reference thereto must look to the statute or it does not exist. *Cizek v. Cizek,* 69 Neb. 800, 76 Neb. 797. We cannot change it; we must therefore take the decree as we find it, inasmuch as the interested parties have made no move to change it but have treated it as final.

Moreover, this is in effect a collateral attack upon the integrity of the finality of the decree of divorce. A judicial order or judgment cannot be attacked in a collateral proceeding, unless affected by some jurisdictional infirmity. It will be conclusive upon the litigants and those in privity with them, unless reversed, vacated, or modified in an appellate or other proceeding instituted for that purpose. *Dryden v. Parrotte,* 61 Neb. 339; *Beard v. Beard,* 57 Neb. 754.

Appellant Madison urges that the decree was not for a fixed amount, and, therefore, even if sustained for the amounts now due, it cannot be enforced for the instalments to become due. The ages of the two children were given in the decree in terms of years, and it was proved at the trial that Ellen was born in March, 1908, and Leslie was born December 12, 1910. The decree provided that the payment of $15 a month should be made during the minority of either of the children. It is a simple matter of computation, no more difficult than to figure interest on any judgment, to arrive at the gross amount that would be paid. It seems to us as definite in that respect as if the sum had been stated to be $3,240 payable in 216 instalments of $15 each. The only contingency that would affect this definiteness would be the death of the boy, but there is a presumption that he will outlive his minority. 17 C. J. 1165, sec. 2. In such a case if the one entitled to the annuity should die, further payments on the judgment would be defeated as easily as past payments, when pleaded and proved in a suit, defeat their recovery and prevent double payment. The reason why alimony judgments for payments to be continued indefinitely do not become liens for unpaid payments rests in the fact that the owner of property or those dealing with it cannot ascertain how much to pay to discharge the property from such a lien. Such infirmity does not inhere in this decree.

We conclude that the judgment in the divorce action was a first lien on the land, not only for the amounts due with interest, but also for the security of future payments: and that the decree should be modified, on the evidence already taken as preserved in the bill of exceptions, so as to protect such lien. The divorced wife and her children are asking for the present worth of future payments to be included in the decree of foreclosure. If plaintiff and appellant Madison are willing, we see no objection to such a course; but if they prefer to have the land sold to satisfy the liens now matured, leaving the

remainder of the judgment as to the immatured payments as a first lien on said land, a decree may be entered to that effect, provided they manifest their election in writing filed in the district court within 30 days after the mandate is filed there. Otherwise, the distirct court will entere a decree giving a first lien for the amount due on the alimony judgment, with interest to the date of the decree, and for the present worth of all payments to come due up to and including December, 1931. As the judgment bears 7 per cent. interest, the present worth should be computed on that basis. Upon sale and distribution, the decree will direct the clerk to credit on the execution docket, in the divorce judgment, the amount of the proceeds distributed to cross-appellants.

We affirm the decree of the trial court in so far as it allowed a first lien for the past-due alimony payments, reverse it wherein it failed to allow a lien for the present worth of future instalments, and remand it for the entry of a decree in accordance with this opinion.

JUDGMENT ACCORDINGLY.