LORRAINE L. MCCORD, APPELLEE, V. JAMES G. MCCORD, DEFENDANT, CONSOLIDATED IN DISTRICT COURT WITH HELEN E. MCCORD, APPELLANT, V. JAMES G. MCCORD ET AL., DEFENDANTS.

FILED JANUARY 16, 1935. No. 29090.

*O'Sullivan & Southard*, for appellant.

*Crofoot, Fraser, Connolly & Stryker*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ., and MUNDAY, District Judge.

EBERLY, J.

This is a controversy between Lorraine L. McCord, appellee, the first wife of James G. McCord, now divorced, and Helen E. McCord, the second wife of James G. McCord, concerning their respective rights to a certain residence property in the city of Omaha, described as lot seventeen (17), block one hundred thirty (130), Dundee Place, as platted and filed, in Omaha, Douglas county, Nebraska. The title to this property, so far as involved in the facts of this litigation, stands in the name of James G. McCord.

The appellee claims a first lien on the property by reason of a decree of divorce and alimony, entered in the district court for Douglas county on June 16, 1929, as

subsequently affirmed and modified by this court in *McCord v. McCord*; 119 Neb. 891.

The appellant, the second wife, claims through a real estate mortgage on the above described property subsequently given by James G. McCord to A. B. Warren, who later agreed to assign said mortgage and note secured thereby as collateral security to ·a marriage settlement agreement made with appellant by A. B. Warren, acting personally and as guardian for James G. McCord, hereinbefore mentioned.

The original decree granting appellee, Lorraine L. McCord, a divorce from James G. McCord, granted to appellee $2,900 as permanent alimony, and $200 per month during the lifetime of James G. McCord or until Lorraine L. McCord remarried, and was entered in the district court on June 16, 1929. This decree was modified by the supreme court on appeal, by increasing the amount of alimony from $200 per month to $375 per month, in an opinion filed May 29, 1930, in the case of *McCord v. McCord, supra.* The mandate therein was issued July 10, 1930, was filed in the district court for Douglas county, Nebraska, July 11, 1930, and pursuant thereto a supplemental decree was entered in the district court for Douglas county on July 23, 1930. The mortgage under which appellant claims, given by James G. McCord to secure claimed advances made by A. B. Warren, was dated June 23, 1930, and was filed of record in the office of the register of deeds of Douglas county, Nebraska, on July 23, 1930. A. B. Warren, trustee and remainderman under the trust created by the will of the late William H. McCord, under the terms of which James G. McCord was to receive substantially all of the income arising therefrom, was subsequently appointed guardian of this James G. McCord, and was conversant with the fact that the supreme court had increased the monthly alimony payments to be paid to Lorraine L. McCord before the mortgage was received or filed by him. The agreement made by the appellant and Warren, acting personally and as guardian of James

G. McCord, under the terms of which Warren agreed to deposit the mortgage in question as collateral, was entered into February 7, 1933. At the hearing in the district court all the parties were present in person, or by attorney, and all the parties, including James G. McCord by his guardian *ad litem,* stipulated and agreed that, if the trial court found that appellee had a first and prior lien on the property, the trial court should enter a decree directing all parties to assign and convey all their right, title and interest in the property to the appellee.

A trial on the merits resulted in a decree determining that "the plaintiff, Lorraine L. McCord, under and by reason of the original decree of divorce in case Docket 251, Number 16, entered by the district court for Douglas county, Nebraska, on the 16th day of June, 1929, and the supplemental decree in said action entered on the 23d day of July, 1930, pursuant to mandate of the supreme court of the state of Nebraska dated July 10, 1930, is entitled to and has a first lien on the following described real estate, to wit: Lot seventeen (17), block one hundred thirty (130), Dundee Place, as platted and filed, Omaha, Douglas county, Nebraska, to secure alimony payments now due and to become due provided for in said original and supplemental decree."

In accord with the finding thus made, and the terms of the stipulation of the parties, a judgment was duly entered in favor of Lorraine L. McCord and against Helen E. McCord, from which the latter appeals.

The various assignments of error of the appellant may be summed up as challenging the validity of a decree of alimony providing for the payment of "the sum of two thousand nine hundred ($2,900) dollars, as permanent alimony, and two hundred ($200) dollars per month, from the first day of June, 1929, to and including the 28th day of May, 1930, and three hundred and seventy-five ($375) dollars per month thereafter during the lifetime of the defendant or until the plaintiff remarries, the payments at the rate of three hundred and seventy-five ($375) dollars

per month to begin on the 28th day of May, 1930, and to be paid upon the first day of each and every month thereafter."

This contention is based on the theory, first, that the courts of this state have no jurisdiction or power to lawfully provide in decrees of divorce as alimony for monthly payments or instalments to continue during the lifetime of the defendant (judgment debtor) or until the plaintiff (judgment creditor) remarries; and, second, that decrees or orders in this form do not constitute liens upon the real estate of the judgment debtor.

In *Swansen v. Swansen,* 12 Neb. 210, and in *Brotherton v. Brotherton,* 14 Neb. 186, this court announced the rule that under the statutes then in force, a decree declaring alimony a lien upon real estate was erroneous. However, following these decisions, the legislature of 1883 enacted chapter 40 of the session laws of that year, being, "An act to provide additional remedies for enforcement and collection of judgments and orders for alimony or maintenance." This enactment provided:

"Sec. 1. All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by execution and proceedings in aid thereof, or other action or process as other judgments.

"Sec. 2. The remedy given by this act shall be held to be cumulative and in no respect to take away or abridge any subsisting remedy or power of the court for the enforcement of such judgments and orders."

This legislature of 1883 also enacted chapter 41 of the session laws of that year, under the title of "An act to amend section twenty-six (26) of chapter twenty-five (25) of the Compiled Statutes of Nebraska, entitled 'Divorce and Alimony,' being section 26 of chapter 16 of the Revised Statutes," which, in effect, added to section 26 of chapter 25 of the Compiled Statutes of Nebraska then in force, and that had been previously construed in *Swansen*

*v. Swansen* and *Brotherton v. Brotherton, supra,* the provision, "And judgments and decrees for alimony or maintenance shall be liens upon the property of the husband, and may be enforced and collected in the same manner as other judgments of the court wherein they are rendered."

It will also be noted that the remedy conferred by this legislative enactment was "cumulative." *Nygren v. Nygren,* 42 Neb. 408.

This legislation so enacted has been since continued in force and effect, and now appears as sections 42-319, 42-320, and 42-323, Comp. St. 1929.

So, too, these statutory provisions concerning judgments and orders for alimony and maintenance are identical as to each of the classes thus named. Their effect as "judgment liens" was provided for and established in the same legislative acts, expressing the same legislative purpose by the employment of the same words. Under these circumstances, it is obvious that the qualities conferred by the legislature upon decrees and orders for alimony, and decrees for separate maintenance, must be deemed without distinction. Therefore, it is obvious that a decree for alimony and a decree for maintenance must be treated as equally within the purview of the legislation, and each class of such decrees as having expressly conferred upon it the characteristics of a statutory judgment lien, "in like manner as in other actions."

In the present proceeding, one in the nature of a collateral attack on the decree of divorce and alimony in favor of appellee, the appellant insists that, "in a divorce action where the wife is awarded an absolute divorce and given judgment for a definite sum for permanent alimony, the court has no jurisdiction or power to impose a further obligation on the husband to pay an additional sum of $375 per month 'during the lifetime of the defendant or until the plaintiff's remarriage.' Such latter provision is void."

It will be noted, however, that the statutes authorizing these decrees or judgments in divorce proceedings, in ex-

press terms, contain no such prohibitions. The well-established rule is that they are to be given a liberal construction even in direct proceedings. *Cochran v. Cochran,* 42 Neb. 612. We find nothing restricting the powers of our divorce courts, in a proper case, to enter judgments in this form.

Appellant cites *Cochran v. Cochran, supra,* to sustain her contention. But in this case, so far as it relates to the subject under discussion here, the question was exclusively presented by Mrs. Cochran's appeal, in which her sole ground of complaint was that the alimony awarded was too small. She did not attack the form of the decree or the power of the trial court to employ it, but challenged it for insufficiency of the amount of alimony awarded. Incidentally the judge writing the opinion had in view the circumstances of the case then before him, and the issues therein as made by the parties thereto, when he stated (at page 630) : "We do not think alimony should be awarded in instalments during the life of a party *as was done in this case."* (Italics ours.) This observation was certainly appropriate as applied to the facts then before him, and the actual "issue" then being decided on trial *de novo.* But it cannot be taken from the language thus employed that the court was then determining that it had no power to employ this form of a decree in a proper case. This conclusion is sustained by the fact that the syllabus of this case in no manner reflects such a view.

In *McGechie v. McGechie,* 43 Neb. 523, we again have a case involving a direct proceeding, with the controlling question presented being the excessiveness of allowance, and the appropriateness in view of the facts and circumstances then before the court of the form of the allowance of alimony as an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party or for an indefinite period. The court determined that "we are fully persuaded that the allowance of $10 per month * * * is excessive," and it was ordered stricken from the decree. This fully disposed of the case.

Though, in this *McGechie* case Justice Norval also expresses the view that "alimony should not be awarded a wife in instalments during her life," it will be remembered that the doctrine of a case is to be determined in view of the issues presented by the record, the point or points determined, and the reasons stated for the conclusion reached, restricted in their application to the issue then actually involved. The effect of the judgment entered in the *McGechie* case, when subjected to a strictly collateral attack, was not presented by the record therein, was not then before the court, and thus could not have been decided. The case then before the court was a direct proceeding on appeal for trial *de novo*. *Wilcox v. Saunders*, 4 Neb. 569; *Troup v. Horbach*, 62 Neb. 564.

The scope of the language above quoted, as employed by this truly learned judge, in view of the circumstances of the case, can be extended no further than a determination on trial *de novo* of the appropriateness of the form of the decree appealed from as a proper remedy for the disposition of the case. Thus, the question of judicial power, or jurisdiction, in the technical sense of the term, was not touched upon, referred to, considered, or determined.

In *Hoon v. Hoon*, 82 Neb. 688, also cited by appellant, the true doctrine of the case in no manner supports her contention. This action was brought by a wife against a husband for separate maintenance. While it is true that certain expressions were employed *arguendo* by the writer of the opinion, which are now cited by appellant to sustain her position, yet, a careful consideration thereof results in the conclusion that they pertain wholly to the propriety of the form of the relief granted and in no manner relate to the power of the district court in respect thereto. In truth, these statements neither in terms, nor by necessary implication, negative the existence of the principle on which the decree here in controversy is based, and sustained.

On the contrary, in *McCord v. McCord*, 119 Neb. 891, the decree, which forms the foundation of the present

litigation, was before this court on direct appeal prosecuted by the same James G. McCord. After due consideration, this tribunal modified the monthly award by increasing the same, and the decree, thus modified, was by us, in all things, approved.

In *Lynch v. Rohan*, 116 Neb. 820, in principle, the identical question presented in the instant case was before this court. In that case a subsequent mortgagee of the husband collaterally challenged the sufficiency of a decree, rendered in a proceeding between wife and husband for divorce *a mensa et thoro*, which provided for the payment of $50 per month to the wife for an indefinite period of time for her maintenance, to create, as against such subsequent mortgagee, a valid prior judgment lien for the amounts subsequently to accrue thereon to the wife. It was there determined: "In an action for divorce *a mensa et thoro*, under the statutes of this state, a judgment in favor of the wife for an allowance of $50 a month for her maintenance for an indefinite period is a lien upon the real estate of the husband for all amounts due and to become due under such decree, and will have priority over the lien of a judgment subsequently rendered against the husband." The reasoning contained in this opinion in the *Lynch* case we adopt, and the conclusions stated therein we reaffirm. See, also, *Westmoreland v. Dodd*, 2 Fed. (2d) 212; *Isaacs v. Isaacs*, 117 Va. 730; *Goff v. Goff*, 60 W. Va. 9; 2 Freeman, Judgments (5th ed.) 1962, sec. 932.

It follows that the portion of the decree here attacked providing for the payment of "three hundred and seventy-five ($375) dollars per month thereafter during the lifetime of the defendant or until the plaintiff remarries," is a lien upon the real estate hereinbefore described for all amounts due or to become due under such decree, and will have priority over the lien of appellant's mortgage executed subsequent to the rendition of appellee's decree.

The judgment of the trial court is, therefore,

AFFIRMED.