ALICE GRAHAM, APPELLEE, V. CLIFFORD C. GRAHAM, APPELLANT.

284 N. W. 280

FILED FEBRUARY 17, 1939. No. 30480.

*Good & Simons,* for appellant.

*Burkett, Wilson & Van Kirk* and *B. Frank Watson,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This was originally an action for divorce in which Alice Graham was plaintiff and Clifford C. Graham was defendant, both being residents of the state of Nebraska. It appears that two children had been born to these parties during the existence of the marital relations, a daughter, born June 11, 1919, and a son, born November 17, 1920, both of whom survive. The ground for divorce set forth in plaintiff's petition was cruelty committed by the husband against the wife, and included the allegation that defendant had been guilty of cruelty, "(d) By the removal of the said two children of plaintiff and defendant from Lincoln to York county, Nebraska, preventing plaintiff from seeing

her children or being with them. (e) By the removal of the said plaintiff's personal belongings and furniture purchased with her earnings from Lincoln to York without plaintiff's knowledge or consent." This petition also sets out, viz.: "That the defendant is able-bodied and in good health. That he is regularly employed and is capable of earning, as plaintiff is informed and verily believes, and does earn not less than $250 per month." It also alleges that on or about December 29, 1929, "defendant carried said children away to York county," Nebraska. That defendant has contributed nothing to the support of plaintiff, and has taken plaintiff's "personal belongings from Lincoln to York county without plaintiff's knowledge or consent. That the plaintiff is wholly without means to support herself and her minor children except for her earnings which are insufficient for that purpose." The prayer of this petition included a prayer for a divorce; that the court make a decree restoring to the plaintiff the whole of the personal estate that shall have come to the defendant by reason of marriage; for custody of the children, and for temporary and permanent alimony.

Personal service of summons upon the defendant was had, but he failed to plead and made default. The cause was tried to the district court on December 4, 1930, upon the pleading and the evidence, and such court on December 5, 1930, entered an absolute divorce, and further decreed, viz.:

"II. That the custody of the said minor children, Nadine and Roger, be awarded to the plaintiff, Alice Graham, but that the said children may remain where they are at the date of this decree, that is, Roger with his grandfather, Mr. Natt Graham, of McCool Junction, Nebraska, and Nadine at the Christian Home in Council Bluffs, Iowa, until such date as their mother, the plaintiff, is financially able to support them, said date to be determined by subsequent application to the court and by its order thereon.

"III. That the said defendant, Clifford C. Graham, shall pay the said plaintiff, Alice Graham, the sum of thirty dol-

lars ($30) on the first day of January, 1931, and thirty dollars ($30) on the first day of each month thereafter, until the full sum of five thousand dollars ($5,000) shall have been paid her, provided the said sum may be paid in a lump sum at any time, and fifty dollars ($50) on the first day of January, 1931, for her attorney fees herein. It is further ordered that in case the defendant fails to pay any one or more of the said sums ordered herein, execution may issue without prejudice to the right of the plaintiff to proceed against defendant as for contempt; also that defendant pay the costs."

We quote from the brief of the husband, viz.: "Defendant paid plaintiff nothing after the divorce decree except to return a few items of personal belongings and fifty dollars for attorney's fees and court costs. * * * Defendant inherited a one-fourth interest in his father's estate in York county, in August, 1937, after the divorce decree was transcribed to the district court of that county. A partition of the real estate was had and because of the cloud on the title the money is now held in the hands of the district court of York county, the sum being approximately $2,100, and being defendant's entire inheritance from his father's estate."

For the purpose of defeating the satisfaction of the decree out of this property, it appears that the defendant filed his application for a modification of the decree of December 5, 1930. A hearing was had on the pleadings and the evidence, and on March 18, 1938, a decree was entered awarding the custody of the minor children to the defendant, but otherwise continuing the decree of December 5, 1930, in full force and effect. The defendant alone appeals.

The defendant contends that the district court in so deciding erred in the disposition of the issues presented to it for determination, which he summarizes as follows, viz.:

"The main question before the district court of Lancaster county was whether the five thousand dollars mentioned in the decree was in the nature of a property settlement or whether it was an award for the support of the minor

children, which award was subject to modification by the district court, both as to accrued and unmatured payments; also whether the support and care furnished by defendant to said minors was in equity a payment of the money award provided for in said decree; and for a revision of said decree as to the custody of the children."

Accepting this statement of issues determined as a statement of fact, but without any commitment to the principles of law contended for therein, we find the record presented is free from reversible error.

Appellant's fundamental contention is that the district court had jurisdiction to modify and cancel the decree in this case under the provisions of section 42-324, Comp. St. 1929, which reads as follows: "After a decree for alimony or other allowance for the wife and children, or either of them, * * * the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof, * * * and may make any decree respecting any of the said matters which such court might have made in the original suit."

This was originally enacted as section 27 of chapter LII of Part I, Code of Nebraska, by the territorial legislature, and was approved January 26, 1856. It was substantially a reenactment of chapter 84 of divorce of the Revised Statutes of Michigan for 1846, and the exact words of the section heretofore quoted appear as section 28 of such chapter of the Michigan statutes just referred to. The exact language of the controlling section (section 42-324, Comp. St. 1929) was construed by the supreme court of Michigan in 1864 in the case of *Perkins v. Perkins*, 12 Mich. 456, in the following language, viz.:

"The section must be construed to mean one of two things. It may be construed as empowering the court to change the decree for alimony, from time to time, on facts existing when the decree is granted, or on new facts thereafter transpiring; or as only authorizing a change on the latter, when they are of such a character as to make it necessary to

suit the new state of facts. The last we think is the true construction. We cannot suppose the first to have been in the mind of the legislature, as it would virtually take away the right of appeal, which the law gives to the party who may feel himself aggrieved by the decision of an inferior tribunal, and subject the rights of the parties to the discretion of the court making the decree, however arbitrarily or capriciously exercised. But as various circumstances might occur after alimony granted—as adultery on the part of the woman, or the loss of property by some inevitable accident on the part of the man, and the like—we are led to believe that the statute was intended to provide for such new circumstances, and that that was all the legislature had in view in enacting it; that it was not designed to affect the right of appeal, or to give to the court granting alimony power to review and to reverse or modify its own decree. Such a power would be unprecedented, and out of the ordinary course of judicial proceedings."

Two years after this Michigan decision had been announced, the Nebraska territorial divorce act of 1856 was, by an act entitled "An Act for revising, amending, consolidating and reenacting the Civil and Criminal Codes, and the laws of a general nature, of the Territory of Nebraska" (approved February 12, 1866), substantially reenacted without change. This act of 1866 is officially designated as the "Revised Statutes of Nebraska, 1866," and the exact language of section 42-324, Comp. St. 1929, appears therein as section 27, chapter XVI, Part I. While this section was amended in 1935, the language under consideration now was wholly unaffected by this amendment.

The terms of the original Michigan enactment were adopted in substance and effect by the legislatures of a number of the states. In the construction of these and kindred statutory provisions, it appears that the doctrine of *Perkins v. Perkins, supra,* has been generally adhered to. *Wilde v. Wilde,* 36 Ia. 319; *Reid v. Reid,* 74 Ia. 681, 39 N. W. 102; *White v. White,* 75 Ia. 218, 39 N. W. 277; *Fisher v. Fisher,* 32 Ia. 20; *Straus v. Straus,* 14 N. Y. Supp. 671;

*Semrow v. Semrow*, 23 Minn. 214; *Olney v. Watts*, 43 Ohio St. 499, 3 N. E. 354; *Buckminster v. Buckminster*, 38 Vt. 248; *Weld v. Weld*, 28 Minn. 33, 8 N. W. 900; *Vert v. Vert*, 3 S. Dak. 619, 54 N. W. 655.

In 2 Nelson, Divorce and Separation, p. 888, the rule is announced, viz.: "In those states where the decree for alimony may be revised it is held that no change will be made unless it is shown that the wife's needs or the husband's faculties have increased or diminished. The decree is *res judicata* as to all matters existing at the time it was rendered. New facts occurring since the decree must be shown. The estoppel extends to all matters properly before the court which the parties might have litigated." See, also, 17 Am. Jur. 485, sec. 636; *Gundick v. Gundick*, 208 Mich. 34, 175 N. W. 168; *Clarizio v. Castigliano*, 201 Minn. 590, 277 N. W. 262.

However, in 1883, by the terms of an independent statute legislatively declared to be cumulative, the powers conferred on the courts and the legal effect of judgments rendered by them were increased, and it was provided: "All judgments and orders for payment of alimony * * * shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by execution and proceedings in aid thereof, or *other action* or process as *other judgments*." (Italics supplied.) Laws 1883, ch. XL, sec. 1 (Comp. St. 1929, secs. 42-319, 42-320). See, also, *McCord v. McCord*, 128 Neb. 230, 258 N. W. 474.

This enactment created a decided innovation in our law as previously existing, and to that extent differentiates it from the other states which have adopted the Michigan divorce act as the basis of their law on that subject. The alimony judgment is legislatively endowed with the same qualities as "other judgments," and by the same authority may "be enforced and collected by * * * other action" as "other judgments" are. The obvious legislative intent is to secure for them "full faith and credit," and that divorce judgments in Nebraska should be considered as possessing all the qualities essential for that purpose. Unless unalter-

able in the jurisdiction of its rendition, an alimony judgment is not entitled to "full faith and credit." *Lynde v. Lynde*, 181 U. S. 183, 21 Sup. Ct. Rep. 555; *Sistare v. Sistare*, 218 U. S. 1, 30 Sup. Ct. Rep. 682; *Yarborough v. Yarborough*, 290 U. S. 202, 54 Sup. Ct. Rep. 181.

This statute is a remedial statute, and, being remedial, is to receive a liberal construction to carry into effect the purpose for which it was enacted, and for effectuating its object. *State v. Fremont, E. & M. V. R. Co.*, 22 Neb. 313, 35 N. W. 118; *Becker v. Brown*, 65 Neb. 264, 91 N. W. 178.

It is obvious that, so far as not inconsistent with the express terms and recitals thereof, to construe an alimony judgment in favor of the wife as unalterable is in harmony with the legislative intent thus expressed. It will also be noted in passing that this court has consistently given full force and effect to the statute here under consideration from the date of its adoption. *Nygren v. Nygren*, 42 Neb. 408, 60 N. W. 885; *Lynch v. Rohan*, 116 Neb. 820, 219 N. W. 239; *McCord v. McCord*, 128 Neb. 230, 258 N. W. 474.

Quite consistent with the current of authority, this court in *Chambers v. Chambers*, 75 Neb. 850, 106 N. W. 993, announced the principle, viz.: "An application for a change with respect to alimony in a decree of divorce, made at a subsequent term, must be founded upon facts or circumstances which have arisen subsequently to the decree, and in the absence of such facts and circumstances the matter will be deemed *res adjudicata* between the parties." See, also, *Wharton v. Jackson*, 107 Neb. 288, 185 N. W. 428.

Again, in *Beard v. Beard*, 57 Neb. 754, 78 N. W. 255, this court determined, viz.: "Where, in a divorce proceeding, a decree is entered dissolving a marriage, and awarding the wife a judgment against the husband for $........... in full of all her claims upon him or his property by reason of their former marriage relations, it seems that the courts have no jurisdiction to vacate or modify such a judgment, after the term at which rendered, solely because of a change in the circumstances, financial or otherwise, of either of the parties thereto."

It is also a universally accepted principle that "A decree for alimony * * * made without reserve, though payable in instalments, is final and cannot be modified after enrollment of the decree, in the absence of statutory authority or a reservation of power in the decree itself." *Mayer v. Mayer*, 117 N. W. 890 (154 Mich. 386), 129 Am. St. Rep. 477, 19 L. R. A. n. s. 245.

However, appellant challenges the application of the rule of *Beard v. Beard, supra*, to the facts here presented, for the reason that the award of alimony in the instant case was not in the nature of a property settlement between husband and wife, but was in fact for the support of minor children, and, as such, subject to modification at any time, both as to future and matured payments; further, that the defendant had no property at the time of the original rendition of the divorce decree, and the petition for divorce lacks necessary allegations which would support a judgment for a property settlement, and that "the purported judgment is a nullity and void as far as being a property settlement." In support of this last proposition, *Lincoln Nat. Bank v. Virgin*, 36 Neb. 735, 55 N. W. 218, and *Branz v. Hylton*, 130 Neb. 385, 265 N. W. 16, are cited. It is thought that the principles evidenced by these decisions are wholly inapplicable, both because of the inherent nature of divorce proceedings and the statement of the pleading challenged. From the petition in the instant case we note that it is alleged on information and belief that the defendant is able-bodied and in good health, capable of earning, and is earning, $250 a month; and, further, the removal of plaintiff's personal belongings and furniture, purchased with plaintiff's earnings, from Lincoln to York, Nebraska, is alleged, with a special prayer for relief relating thereto. True, the personal belongings and furniture are not described, enumerated, or valued, but no attack has been made upon this petition in that regard until after final judgment was entered thereon.

The general rule appears to be, viz.: "Failure to allege the value of property, or to lay damages in a declaration

or complaint will be cured by verdict and the same is true
of a declaration or complaint which is defective or not
sufficiently specific in stating value or damages." 49 C. J.
881.

. So, also, with reference to the failure of plaintiff to
specifically enumerate or describe "plaintiff's personal be-
longings and furniture," carried away by defendant and
presumably continuing in his possession and under his con-
trol, the controlling principle of pleading appears to be,
viz.: "Facts which are, or which the law presumes to be,
peculiarly within the knowledge of the other party may be
alleged with less certainty and particularity than would
otherwise be necessary, or may be alleged on information
and belief; and they may even be omitted entirely." 49
C. J. 38.

In *Hays v. Hays,* 75 Neb. 728, 106 N. W. 773, in a direct
appeal from a decree of divorce and alimony, we find the
following, viz.: "A complaint is based on the order allow-
ing the plaintiff the household furniture in her possession
at the time of the decree. The defendant insists that this
portion of the decree is outside the issues, because this
furniture was not mentioned in the petition. Where the
court has jurisdiction of the parties, authority to grant a
divorce carries with it authority to adjust the property
rights of the parties with respect to personal property with-
in its jurisdiction. It is not necessary that each item of
personalty be specifically mentioned in the petition. The
evidence discloses with reasonable certainty the amount of
household furniture." See, also, *Maxwell v. Maxwell,* 106
Neb. 689, 184 N. W. 227.

Whether the relief in such case is an assignment of
definite articles of personal property or a monetary decree
in lieu thereof is a matter resting in the sound discretion
of the court.

In *Phillips v. Phillips, ante,* p. 313, 281 N. W. 22, the rule
is announced, viz.: "In considering the amount of alimony
that a court is to allow in such a divorce case, the court
will take into consideration the estate of each party at the

time of the marriage, and their respective contributions since, the duration of the marriage, the wife's loss of her interest in the husband's property by virtue of the divorce, the social standing, comforts and luxuries of life which the wife would probably have enjoyed except for the enforced separation, the conduct of the parties leading up to the divorce, and to which party the divorce is granted, their age and condition of health, and all other facts and circumstances, and award an amount in alimony which appears to be fair and equitable between the parties."

The evidence adduced at the original trial of this instant divorce proceeding has not been preserved, and is not shown in the present record. The presumption, however, obtains that it was ample to sustain the judgment entered. The claims of plaintiff on account of her personal property necessarily formed an element of the problem considered by that court, and the decree rendered thereon necessarily constituted a property adjustment made between the parties. Indeed, the allegations contained in plaintiff's petition in reference to the husband's earning power constituted alone, without reference to ownership of property by him, an ample basis for award of alimony. *Lape v. Lape,* 99 Ohio St. 143, 124 N. E. 51.

The defendant in the instant case, as petitioner for revision and alteration, carries the burden of proof to establish the alterability of the decree. It is thought that he has failed in his contention that the rule announced in *Beard v. Beard, supra,* is inapplicable.

Nor are we impressed with the argument that the award of alimony is for the benefit of the minor children, and subject to revision as such. By our statutes, in a divorce decree, an award of alimony may be either permanent or temporary, and may be for the support of the wife, or of the children, or both, whether temporary or permanent. Comp. St. 1929, secs. 42-310, 42-311, 42-318, 42-323, 42-324.

In the instant case the award of alimony was made to the wife only. The express terms of the decree are "That

the said defendant, Clifford C. Graham, shall pay the said plaintiff" a definite sum of money ($5,000) in payments of $30 a month, commencing on January 1, 1931. The minors are not mentioned in any manner as beneficiaries in connection with the award, and while another distinct paragraph of this decree awards a technical custody of the two children of these parties, even that is in truth and fact "suspended" until further order of the court. The decree expressly provides that these minors may remain in the custody of those where they had been previously placed by the father, "until such date as their mother, the plaintiff, is financially able to support them, said date to be determined by subsequent application to the court and by its order thereon."

But, without reference to or consideration of this situation thus created, the terms of the alimony award direct that the payment of $30 a month to the wife shall commence on January 1, 1931, and shall thereafter be made regularly for the period of 166 2/3 months. The last payment under the terms of this decree is payable in October, 1944. Meanwhile the two children will attain their majorities on June 11, 1940, and November 17, 1941, respectively.

Thus, not only the express terms of the decree but the surrounding circumstances tend to sustain the conclusion that the award of alimony in the instant case, as authorized by the express terms of the controlling statute, was made to and for the wife, and not for the benefit and support of the children. Therefore, expenditures made by the father for the support and maintenance of the children while actually in his possession and under his control may not be treated as credits on the alimony award or considered as a satisfaction *pro tanto* thereof. This conclusion as to the inherent nature of the award of alimony is quite in harmony with the directions to the district courts of this state announced in *Connett v. Connett,* 81 Neb. 777, 116 N. W. 658, viz.: "The wife's alimony and the children's maintenance, if included in the same decree, should be separated

into distinct items, and not included in one sum." In determining the meaning of a decree, in the absence of any facts disclosed in the record to the contrary, compliance with this direction may be assumed.

It follows that the judgment of the district court, so far as here presented for review, is correct, and is

AFFIRMED.