IVA MERLE DUNLAP, APPELLEE, V. WILLIAM GLENN DUNLAP, APPELLANT.

18 N. W. 2d 51

FILED MARCH 16, 1945. No. 31900.

*George W. Leamer*, for appellant.

*William P. Warner*, contra.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This appeal is from an order of the district court for Dakota county modifying an alimony award.

On November 27, 1939, Iva Merle Dunlap, plaintiff and appellee, obtained an absolute divorce from William Glenn Dunlap, defendant and appellant, and was awarded the custody of their four children, Leora, aged 20 years, Dale, aged 18 years, Ward, aged 16 years, and Raymond, aged 13 years. This decree provided: " * * * that plaintiff also have and

recover from the defendant the sum of $40.00 per month, payable monthly in advance, to the clerk of this court, for the use and benefit of the plaintiff, on the 5th day of each month, beginning with December 5th, 1939, for the maintenance and support of the plaintiff and said children, until the youngest child of said parties is through high school, or until this judgment, upon application of one or both of said parties, is changed or modified by subsequent order of the court."

On December 22, 1943, plaintiff filed her petition for revision, modification and extension of this decree as to the provision for the payment of alimony. After hearing thereon the court, on June 8, 1944, entered its decree awarding to the plaintiff the payments of $40 due September 5, October 5, November 5, and December 5, 1943, and, commencing with January 5, 1944, ordered payments of $10 per month until further order of the court. From this order the defendant appeals.

For the purpose of this opinion the appellant will be referred to as the defendant and the appellee as plaintiff.

The record discloses that the plaintiff has at all times, since the decree was entered, maintained a suitable home for the four children. The three oldest children went through high school and are now married. Raymond, the youngest, who was 18 years of age on January 26, 1944, quit high school near the end of the first semester of the 1942-1943 school year when he was a junior. He then worked on a farm. In September of 1943 he returned to school for one day. Being advised to retake the entire junior year he quit and subsequently, with the plaintiff's consent, joined the Marines. Plaintiff owns her household goods and continues to live in the same home, although her married daughter now lives with her. She is 46 years of age and in about the same state of health as when the divorce decree was entered. She works out about two days a week doing housework for which she receives approximately $5.50 per week and receives $37 per month from the government as an allotment for her son, who is in the service. The de-

fendant made all payments up to September 5, 1943. He receives about $200 to $210 per month, after all deductions, for his services with the Interstate Transit Lines. However, it is not shown whether his income is any different from what it was at the time the decree was entered. As a whole, the record fails to show any material change in the status of the parties except that all four children were definitely through high school on September 5, 1943, when the defendant quit paying the $40 per month.

We first desire to call attention to the terms of the original decree in which the court allowed $40 per month for the maintenance and support of the wife and children. This decree does not make any finding as to what part was allotted to the plaintiff and what part was allotted to her for the support and maintenance of the children. The decree of the trial court, in so far as minor children are concerned, is never final in the sense that it cannot be changed. Section 42-312, R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." See *Carlson v. Carlson*, 135 Neb. 569, 283 N. W. 214. In considering the many factors which may affect a court's subsequent ruling thereon, such as a change of custody, earnings of either party as affecting the amount, or the reaching of maturity of some of the minors, it is necessary to know what part was allotted for the support and maintenance of the minors. If the amount is included in one sum the court must then go back and endeavor to ascertain what part was allowed as alimony and what part for the support and maintenance of the minor children. This will often be difficult and necessarily involve considerable additional testimony. The rule that should be followed is properly stated in *Connett v. Connett*, 81 Neb. 777, 116 N. W. 658, as follows: "The wife's alimony and the children's maintenance, if included in the same decree,

should be separated into distinct items, and not included in one sum."

It is apparent that the court based its order of June 8, 1944, wherein it modified the decree of November 27, 1939, upon the terms of the stipulation of the parties as to a property settlement which it found filed in the original case, dated the same day the original decree was entered. Courts may approve property and alimony settlements made between the parties, when a divorce is granted, if it finds the same to be fair and equitable. However, when the court in its decree determines and fixes the amount of alimony and no appeal is taken therefrom, the effect of the stipulation, so far as the decree is concerned, is that it was taken merely as advisory to the court and the terms fixed by the decree are controlling. We therefore view the case from the standpoint of the provisions of the decree.

Whether the decree in a divorce action as to property settlement or alimony is subject to revision and alteration from time to time under the provisions of section 42-324, R. S. 1943, depends upon the terms of the decree entered.

In *Ziegenbein v. Damme,* 138 Neb. 320, 292 N. W. 921, we held: "An unqualified allowance of alimony in gross, whether payable immediately in full or periodically in instalments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment. * * * Such an allowance is not subject to modification under section 42-324, Comp. St. Supp. 1939 (now section 42-324, R. S. 1943), providing that the court may from time to time revise and alter the amount of alimony and make any decree with respect thereto which it might have made in the original suit." See, also, *Beard v. Beard,* 57 Neb. 754, 78 N. W. 255; *Graham v. Graham,* 135 Neb. 761, 284 N. W. 280.

In the absence of such judgment the court, upon proper petition therefor and proper showing thereon, has power

to revise and alter its awards of alimony under the provisions of section 42-324, R. S. 1943. This rule is stated in *McIlwain v. McIlwain*, 135 Neb. 705, 283 N. W. 845, as follows: "The power of the court to alter and revise provisions for alimony in a divorce decree is unquestioned." However, this applies only as to future installments for as stated in *Sullivan v. Sullivan*, 141 Neb. 779, 4 N. W. 2d 919: " 'The law is well established in this state that instalments of alimony become vested as they accrue, and the past-due instalments become final judgments, and courts have no authority to cancel or reduce the amount of such accrued payments. *Wharton v. Jackson*, 107 Neb. 288, 185 N. W. 428; *McIlwain v. McIlwain*, 135 Neb. 705, 283 N. W. 845; *Wassung v. Wassung*, 136 Neb. 440, 286 N. W. 340.' *Clark v. Clark*, 139 Neb. 446, 297 N. W. 661."

And the basis for changing payments in the future is stated in *Chambers v. Chambers*, 75 Neb. 850, 106 N. W. 993, as follows: "It has been held that an application for a change in the amount of alimony, after divorce, must be founded upon new facts which have occurred since the decree was entered, and that, in the absence of such facts, the matter is deemed to be *res adjudicata* between the parties." See, also, *Graham v. Graham, supra,* and *Morris v. Morris,* 137 Neb. 660, 290 N. W. 720. This is stated in *McIlwain v. McIlwain, supra,* as follows: "We conclude that a hearing upon an application to revise and alter a decree under this statute is not a retrial of the original case, or a review of the equities of the original decree. The court upon such application considers the new or changed conditions of the parties and adapts the decree thereto, as present conditions require." And in *Graham v. Graham, supra,* we approved this statement of the same principle from 2 Nelson, Divorce and Separation, sec. 934, p. 888: "In those states where the decree for alimony may be revised it is held that no change will be made unless it is shown that the wife's needs or the husband's faculties have increased or diminished. The decree is *res judicata* as to all matters existing at the time it was rendered. New facts occurring since the decree must

be shown. The estoppel extends to all matters properly before the court which the parties might have litigated."

All of the payments due under the decree providing "until the youngest child of said parties is through high school" had been paid for the youngest son quit high school before September 5, 1943, and did not continue when he returned for one day in September of that year. He is now in the Marines. The evidence fails to show any new or changed conditions of the parties that would justify any modification awarding the plaintiff additional alimony above that provided in the decree. In fact, the changes that are shown, such as the army allotment for her son, the fact that her daughter is living with her who pays for the groceries and that she has time to go out and do housework, are beneficial to the plaintiff and not the defendant.

Nor does the provision in the decree "or until this judgment, upon application of one or both of said parties, is changed or modified by subsequent order of the court" add anything to the rights of the parties or the power of the court. As stated in *Ziegenbein v. Damme, supra*: "No specific words of reservation are necessary, of course, as a foundation for the right of modification, and, indeed, such right will be held automatically to exist, unless, as we have indicated above, the decree defines and limits the rights of the parties with such completeness and finality as to be clearly capable of and intended as a present vesting, and hence to possess in its scope, the attributes of a final judgment."

In view of the order of the trial court, under the facts of this case, directing the plaintiff to pay $10 per month until further order of the court or for an indefinite period of time, we find it desirable to discuss that feature although such payments are set aside. We recognize that under our statutes the legislature has enabled the court to retain control over the financial situations of the parties, where it is necessary or advisable to do so. However, we do not think the purpose of divorce proceedings are designed or intended to prevent domestic misadventure from ever be-

coming a closed book financially as between the parties. There are cases, and we have so held, where the situation of the parties and the contingencies are such that the amount of alimony cannot be placed in a lump sum without danger that such allowance may prove unjust or inequitable to one or the other of the parties and it is therefore proper for the court to provide for the payment of a stated sum at fixed periods over an indefinite period. However, "Generally, we do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time." *Martin v. Martin,* decided February 16, 1945, *ante,* p. 655, 17 N. W. 2d 625. See *McGechie v. McGechie,* 43 Neb. 523, 61 N. W. 692.

We find that all payments due under the decree of November 27, 1939, have been paid and that the evidence is insufficient to justify a modification of the decree by awarding $10 per month additional alimony until further order of the court. It is therefore ordered that the decree of the trial court be modified accordingly. The decree is affirmed in so far as the costs are taxed to the defendant. Costs in this court, including a fee of $100 allowed plaintiff as attorney's fee, are taxed to the defendant.

AFFIRMED AS MODIFIED.

CHAPPELL, J., dissenting.