ELLA P. COKER, APPELLEE, v. ALFRED M. COKER, APPELLANT.

113 N. W. 2d 329

Filed February 16, 1962. No. 35106.

*Fraser, Wenstrand, Stryker, Marshall & Veach* and *Young, Holm, Miller & McEachen,* for appellant.

*Wear, Boland, Mullin & Walsh,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal from the district court for Douglas County, Nebraska, in proceedings upon a motion relating to a judgment in a divorce action. Ella P. Coker, the appellee, was the plaintiff in the divorce action. Alfred M. Coker, the appellant, was the defendant.

On March 8, 1960, the plaintiff was granted an absolute divorce from the defendant and was awarded the custody of the minor daughter of the parties, Mary Jo Ann Coker, subject to the defendant's right of visitation. The parties had entered into a separation agreement which was approved by the court and incorporated in the judgment in the divorce action.

The separation agreement provided in part as follows:

"In consideration of the release by First Party of her marital rights in any property of Second Party, Second Party shall supply to First Party a home for herself and Mary Jo Ann Coker, costing approximately Fifty Thousand ($50,000) Dollars, more or less, the title to which shall be placed in the Mary Jo Ann Coker Trust #2 with a life estate to First Party, with a reversion on the death of First Party to the Mary Jo Ann Coker Trust #2.

"First Party shall select the location and the specific property, and her first choice of said property shall

be in the State of California, and the location and property shall be subject to the approval of the Second Party.

"In order to bring about the purchase of said house, Second Party shall supply the First Party with sufficient funds to seek out and approve two or more locations and properties and submit same to Second Party for the approval of the one of his choice.

"First Party shall have the right to select the necessary furnishings and fixtures from the home now occupied by her and Mary Jo Ann Coker, to furnish the new home, except the drapes, carpets, and any items regarded as fixtures shall be left within the present home.

"Second Party shall pay the necessary moving expenses of First Party, in an amount not in excess of Five Thousand ($5,000) Dollars. * * *

"If in the future it becomes necessary or desirable that the location and home be changed, the sale of the property first agreed upon and set up as the home of First Party and Mary Jo Ann Coker shall be by mutual agreement of the parties hereto, and the same provisions with reference to the title shall apply to the new location and home which shall be substituted for the one first acquired.

"In the event a second home is acquired, then the funds from the sale of the first home shall be used for the acquisition of the second home, and the same terms and conditions with reference to title and life estate shall apply to the second home.

"If the parties are unable to agree as to a second home or residence, then same shall be submitted for determination by the District Court of Douglas County, Nebraska."

After some preliminary difficulty and a further proceeding before the district court, a home was purchased in the Los Angeles, California, area and in June 1960, the plaintiff and her daughter moved into the new home.

In the fall of 1960, in a telephone conversation with

the defendant, the plaintiff said that she and Mary would like to return to Omaha. The defendant asked the plaintiff to make a written request stating her reasons. The plaintiff then employed counsel in California who wrote to the defendant. The defendant referred the matter to his attorneys in Omaha and the matter eventually resulted in this proceeding.

On March 21, 1961, the plaintiff filed a motion for an order authorizing the plaintiff and Mary to move from California to Omaha; directing the sale of the California real estate and the purchase of a new home in Omaha; and requiring the defendant to pay the moving expenses, attorney's fees, costs, and other expenses incident to the proceeding. A notice of hearing addressed to the defendant and "The Omaha National Bank of Omaha, Nebraska as Trustee of the Mary Jo Ann Coker Trust #2," and to the defendant's counsel as "their attorneys," was served upon one of the defendant's attorneys who acknowledged receipt of the notice as one of the attorneys for the defendant and "The Omaha National Bank, Trustee." The defendant filed objections to the plaintiff's motion. The bank as trustee made no appearance in the proceeding.

The district court found generally for the plaintiff and entered an order authorizing the plaintiff and Mary to move back to Omaha, directing the bank as trustee to sell the California property, and directing the plaintiff to "take such further action as may be necessary" to obtain a new residence property in Omaha. The court further ordered the defendant to pay one-half of the moving expenses and allowed the plaintiff's attorney a fee of $250. The defendant's motion for new trial was overruled and he then perfected this appeal.

The assignments of error are that the trial court erred in directing the trustee to sell the California property because the trustee was not a party to the proceedings, and that the order of the court is contrary to the law and the evidence.

The defendant's contention that the trustee was not a party to the proceeding appears to be somewhat of an afterthought. The notice of hearing of the plaintiff's motion was addressed to both the defendant and the trustee, and receipt of a copy of the motion and notice was acknowledged by defendant's counsel as attorneys for both the defendant and the trustee. The defendant's objections to the motion of the plaintiff did not assert that there was a defect of parties because the trustee had not been made a party to the proceeding and it does not clearly appear that the defendant made an objection to that effect at any time in the district court. The general rule is that a defect of parties not raised by answer or demurrer is waived. Riley v. National Auto Ins. Co., 162 Neb. 658, 77 N. W. 2d 241, 57 A. L. R. 2d 1219.

The defendant argues that the trustee is an indispensable party to the proceeding and suggests that a separate trust agreement exists which, although not in the record, should be considered by the court before determining the present controversy between the plaintiff and the defendant. This argument overlooks the fact that the rights of the parties in this proceeding are determined by the judgment entered in the divorce action. This proceeding involves only the interpretation and enforcement of the judgment.

"Courts may approve property and alimony settlements made between the parties, when a divorce is granted, if it finds the same to be fair and equitable. However, when the court, in its decree determines and fixes the amount of alimony and no appeal is taken therefrom, the effect of the stipulation, so far as the decree is concerned, is that it was taken merely as advisory to the court and the terms fixed by the decree are controlling." Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51.

We are concerned here with a judgment that is binding upon both the plaintiff and the defendant. So far

as this proceeding is concerned, the trustee is merely an agent designated by the defendant to perform in his behalf certain duties and obligations imposed upon him by the judgment in the divorce action and that otherwise must be performed by the defendant. The defendant will not now be heard to complain that, perhaps, the terms of the judgment cannot be complied with because of some provision in a trust agreement which is not shown to have been before the court at the time the judgment was entered. In the present state of the record, the trustee is no more than a nominal party to this proceeding.

It is apparent from the record that the plaintiff and Mary are dissatisfied with living in California and they wish to return to Omaha. There is nothing which prevents them from doing so. After divorce, a wife is at liberty to establish an independent domicile. 17A Am. Jur., Domicil, § 64, p. 244; Restatement, Conflict of Laws, § 29, p. 54.

Their change in residence, however, is to be made at the expense of the plaintiff except to the extent that the judgment provides otherwise. To require the defendant to pay all or a part of the moving expenses of the plaintiff and Mary would be, in effect, a modification of the judgment and the allowance of additional alimony and child support. In the absence of evidence showing a change in circumstances, there is no basis upon which the judgment could or should be modified. Dunlap v. Dunlap, *supra.* The evidence in this case does not show a change of circumstances sufficient to justify a modification of the allowances previously made.

The separation agreement, which is a part of the judgment, provides that the sale of the California property should be by mutual agreement of the parties. Since the parties were unable to arrive at an agreement, it was proper for the district court to order the property sold. In the event the parties are unable to agree upon a second home, which shall be a replacement or

substitute for the California property, then the matter should again be submitted to the district court.

That part of the order of the district court directing the sale of the California property and the application of the proceeds to the purchase of a replacement property strictly in accordance with the terms of the original judgment is affirmed. The part of the order directing the defendant to pay one-half of the moving expenses is reversed and the cause remanded. No further allowance for attorney's fees is made. All costs are taxed to the appellant.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.