ELLA P. COKER, APPELLEE, v. ALFRED M. COKER, APPELLANT.

117 N. W. 2d 320

Filed October 12, 1962. No. 35192.

Young, Holm, Miller & McEachen, for appellant.

Wear, Boland, Mullin & Walsh, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SIMMONS, C. J.

This appeal involves another and somewhat narrow segment of the marital difficulties between the parties above-named. One phase of the case reached us and was determined in Coker v. Coker, 173 Neb. 361, 113 N. W. 2d 329.

In the opinion in the above case, we set out essential parts of the property settlement agreement entered into by the parties which was approved by the trial court, and incorporated in and made a part of the decree of divorce. It will not be repeated here.

Pursuant to that agreement, a home was selected in California and paid for by the defendant. Plaintiff moved there with substantially all of the household furniture. Plaintiff and the minor daughter established a residence there.

Plaintiff later decided that she wanted to return to Omaha and live there. That precipitated the controversy decided in Coker v. Coker, *supra.*

While defendant's appeal was pending, plaintiff shipped the household goods to Omaha and placed them in storage. She surrendered the keys to the house to an agent of the trustee who sold it and has the proceeds in trust.

For a short time, she and the daughter resided with a friend in Omaha. Defendant objected to his daughter being there. Plaintiff and the daughter then moved to a motel, where they lived close to a tavern and swimming pool, and ate in a public cafe. Defendant objected to that. Plaintiff then advised defendant that she could rent an apartment near a private school. Defendant objected to that because of traffic hazards.

A controversy arose about visitation privileges accorded the defendant and this present litigation arose.

Defendant refused to pay the rent on an apartment in Omaha until the appeal above-cited was determined. Defendant, for business reasons, wanted to live in California and wanted his daughter there.

We find no evidence in the record as to the rent which plaintiff was paying at the motel. So far as we can determine from this record, they are still living there.

Hearings were had on this matter on August 2, 1961, and subsequently on August 9, 1961, at which time the parties submitted their cause and rested.

On August 15, 1961, without any showing as to who was present besides the court and plaintiff's counsel, the court was advised that plaintiff had found an apartment which "she feels" would meet with defendant's approval at a monthly rental of $235 and that she was going to sign a one year's lease "right now." Whether the lease was ever signed or whether plaintiff moved into the apartment with her daughter does not appear.

On the basis of that record, the trial court signed an order requiring the defendant to pay or cause the trustee (who is not a party here) to pay the rental of $235 a month beginning August 1, 1961, and to continue until the further order of the court or until housing was furnished "in accordance with the property settlement agreement" or until otherwise ordered by this court. The court also allowed an attorney's fee for plaintiff's counsel.

On August 7, 1961, by letter, the plaintiff's counsel submitted the addresses of three houses in Omaha which she deemed suitable, and asked defendant to select one in accord with the property settlement. The "asking price" of two of the three was substantially more than had been received by the trustee from the sale of the property in California. Defendant's counsel refused to act until this court had decided Coker v. Coker, *supra.*

Defendant's assignments of error here are two. One, that the court erred in ordering the defendant to pay the rental on the apartment. Two, that the court erred in ordering the defendant to pay the rental without

evidence as to its reasonableness. The allowance of attorney's fees is not assigned as an error although discussed in the brief.

The quesions presented here were decided in Coker v. Coker, *supra.*

We there held that the decree in the divorce case was binding on both of the parties and not subject to modification in the absence of a showing of a change of circumstances.

The specific holding was: "In the absence of evidence showing a change in circumstances, there is no basis upon which the judgment in a divorce action which has become final can or should be modified."

Obviously, the trial court proceeded on the theory that in its own language at the beginning of the hearing, "* * * we are completely beyond the provisions of the agreement at this point." Counsel stated that the question was one of securing temporary housing "until we can enforce the original decree." The court concurred. It appears throughout, until the decree when the trial court ordered the $235 a month payments to begin on August 1, 1961, there being no lease in existence or contemplation at that time, the payments were to continue "until housing is furnished in accordance with the property settlement agreement." The court assumed the right to modify the property settlement agreement, by requiring the defendant to pay more than he agreed to pay.

The agreement specifically sets out the procedures to be followed "in the event a second home is acquired." Those procedures have not been fully followed. No mention of rental of a home is found in the agreement. For aught that appears, it would increase the defendant's financial burden beyond the terms of the obligations assumed in the property settlement.

We find no justification for the decree of the trial court in the above matter. The decree is reversed and the cause remanded for proceedings within the frame-

work of the original decree and property settlement agreement and in the light of our decision in Coker v. Coker, *supra,* as to the rights of the parties.

The attorney's fees allowed plaintiff in the trial court will not be disturbed. No further allowance is made. All costs are taxed to the plaintiff.

REVERSED AND REMANDED.