FRANK E. ZIEGENBEIN, APPELLEE, V. MARGARETTE ZIEGEN-
BEIN DAMME, APPELLANT.

292 N. W. 921

FILED JUNE 21, 1940. NO. 30804.

*O'Sullivan & Southard* and *Thomas E. Dunbar*, for appel-
lant.

*Tyler & Frerichs, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The question presented is whether the amount of an al-
lowance of alimony in gross, payable in instalments, is sub-
ject to subsequent modification under section 42-324, Comp.
St. Supp. 1939. That section provides: "After a decree for
alimony or other allowance for the wife and children, or
either of them, * * * the court, from time to time, * * *
may revise and alter such decree respecting the amount of
such alimony or allowance, or the payment thereof, * * *
and the court may make any decree respecting any of the
matters which such court might have made in the original
suit."

The wife in this case was granted a divorce from the

husband, with a provision in the decree that, "by way of temporary and permanent alimony there is awarded (to the wife) * * * the total sum of Three Thousand Dollars * * * payable * * * at the rate of Thirty-five Dollars per month * * * until said sum is paid in full." Two and a half years later, the husband filed a petition to modify the decree, to relieve him of any further payments, on the ground that the wife had married again and that it was her new husband's duty to support her. The trial court entered an order of modification, providing that, in view of the wife's remarriage, the former husband should be relieved from the alimony obligation of the original decree, as of the date the petition for modification was filed, and that "the remaining instalments of said alimony * * * being fifty-seven in number, should be reduced to the nominal sum of $1.00 each." From this order of modification, the wife has appealed.

In *Beard v. Beard,* 57 Neb. 754, 78 N. W. 255, the first paragraph of the syllabus reads: "Where, in a divorce proceeding, a decree is entered dissolving a marriage, and awarding the wife a judgment against the husband * * * in full of all her claims upon him or his property by reason of their former marriage relations, it seems that the courts have no jurisdiction to vacate or modify such a judgment, after the term at which rendered, solely because of a change in the circumstances, financial or otherwise, of either of the parties thereto." In that case, there was an alimony allowance of $5,000. The opinion states that "certain payments were to be made at certain specified times, and from thence $500 was to be paid annually until the full payment of the said $5,000." Four years later, and while three annual payments of $500 still remained to be made, the husband sought to be relieved from these further instalments, on the ground of a material change in his financial condition. The court held that the statute, now section 42-324, Comp. St. Supp. 1939, gave no right to a modification.

Again, in *Graham v. Graham,* 135 Neb. 761, 284 N. W. 280, in the second paragraph of the syllabus, it was said:

"In a divorce proceeding, where a decree is entered dissolving a marriage, and awarding the wife a judgment against the husband for a definite sum, in full of all her claims upon him or his property by reason of their former marriage relations, courts have no jurisdiction to vacate or modify such a judgment after the term at which rendered (six months), solely because of a change in the circumstances, financial or otherwise, of either of the parties thereto."

The former husband contends that *Beard v. Beard, supra,* and *Graham v. Graham, supra,* are not controlling, because the alimony award in each of those cases was intended as a property settlement between the parties, whereas the allowance here involved was one merely for support. It will be noted that the portion of the decree quoted above contains no such express recitation. The decree merely provided for a division of certain specified property, and then found that the husband should be required to pay to the wife "in addition to a division of the * * * property aforementioned awarded to her and by way of temporary and permanent alimony the sum of Three Thousand Dollars * * * in the way and manner hereinafter set forth." Testimony from the record in the divorce hearing, which was offered in evidence on the hearing here involved, but was not admitted by the trial court, indicates that the parties had agreed upon a property settlement between themselves, of which the agreement to pay $3,000 in alimony was an integral part.

Without attempting to discuss the possible scope or effect of the settlement agreement, it does not seem to us that it is in any event important, under section 42-324, Comp. St. Supp. 1939, just what a gross allowance of alimony may have been intended to represent. If the term alimony is intended to be used in the loose, general sense that it is ordinarily employed, and as it has been commonly used in our past judicial expressions, the language of the statute must be regarded as drawing no distinction between an alimony allowance for support and one in lieu of a prop-

erty division or settlement. In a literal sense, every decree for alimony, no matter what purpose it may be intended to serve, can be said to be within the terms and operation of the statute. In a judicial sense, however, we recognize that the provisions of a decree may so define and limit the rights and obligations of the parties between themselves as to be capable of, and intended as, a present vesting, and hence to possess, in its scope, the attributes of an absolute judgment. Such provisions in a decree are exempt from the operation of section 42-324, Comp. St. Supp. 1939. Obviously, the statute was not designed to prevent domestic misadventure from ever becoming a closed book financially, but it was intended simply to enable the court to retain control over the financial situation of the parties, where it felt it necessary or advisable to do so. No specific words of reservation are necessary, of course, as a foundation for the right of modification, and, indeed, such right will be held automatically to exist, unless, as we have indicated above, the decree defines and limits the rights of the parties with such completeness and finality as to be clearly capable of and intended as a present vesting, and hence to possess in its scope, the attributes of a final judgment.

Obviously, the purpose of both the court and the parties, in providing for or in accepting a gross allowance of alimony, is to define and fix with finality the scope of the rights and the obligations of the parties. In this case, it was designed to set the limits of the wife's right to alimony, and we have no doubt that the husband would have cushioned himself on the doctrine of vested rights, if the wife had attempted to institute proceedings to increase the amount. Without discussing the matter further, it is our view that an unqualified allowance in gross, in a divorce decree, whether payable immediately in full or periodically in instalments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment, and the court cannot subsequently

modify the amount thereof under section 42-324, Comp. St. Supp. 1939. If the judgment in this case was intended to be subject to a defeasance in case of the wife's remarriage, it was necessary, since a vested right was involved, to have provided for such defeasance in the decree. While, under *Wassung v. Wassung*, 136 Neb. 440, 286 N. W. 340, the way may be left open, in a proper situation, for the court, in a case like this, to regulate the manner of payment of the various instalments, under section 42-324, Comp. St. Supp. 1939, this is as far as its control extends, in the absence of some qualifying language in the decree.

We deem it unnecessary to discuss the authorities from other jurisdictions upon the question. They are in conflict. We have taken the view which seems to us in line with our past declarations and the previous construction made of section 42-324, as well as with what appears to us to be the practical logic of the situation. We are living in an era of feminine equality, unhesitating separations, and rapid readjustments. In some of the situations which present themselves between husband and wife, it is unquestionably better for both parties that their rights and obligations be definitely fixed, so that the ties between them can be completely severed and they can face with certainty the measure of the final adjustment which they will be required to make. This can properly be done by a gross allowance of alimony. Not every case, however, lends itself to this situation, and it is the responsibility of the trial judge and the attorneys of the parties to give careful consideration to what form of alimony allowance and decree the situation most fairly requires. What has been said has, of course, no application to the separate obligation of child support, where this exists.

The decree of modification entered by the district court is reversed, and the husband's application for modification is dismissed, with an attorney's fee allowance of $100 in favor of the wife.

REVERSED AND DISMISSED.