JANE A. BALL, APPELLEE, V. STANLEY E. BALL, APPELLANT.
159 N. W. 2d 297

Filed June 7, 1968. No. 36818.

Kneifl, Kneifl & Byrne, for appellant.

Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

The present action results from an application for reduction in alimony payments. Plaintiff Jane A. Ball obtained a decree of divorce from the defendant Stanley E. Ball on June 18, 1965. The decree of divorce adopted, and made a part thereof, an agreement regarding custody of the minor child of the parties, payment of child support, division of property, and the payment of alimony. The only question presented for decision is whether or not the alimony provisions require the payment of "alimony" or "alimony in gross."

The provisions of the agreement and decree pertinent to a resolution of the question presented may be

summarized. Defendant was required to pay plaintiff alimony of $150 per month, with the provision that such payments should terminate on the death or remarriage of plaintiff. Certain child support payments were also to be made by defendant and it was provided that when such child support ceased on the death, marriage, or coming of age of the minor child that the alimony payments should be increased to $200 per month. All alimony payments were to cease when plaintiff attained the age of 65 years. Defendant was to maintain life insurance with appropriate provisions to render the proceeds available to discharge any of the alimony obligations which he might still have at the time of his death. It was further provided that the agreement should constitute a release of any and all claims either might have against the property of the other which might then be held or should be acquired in the future, and should be a release and satisfaction of all claims either "can, shall, or may have in the future against the other."

In view of the foregoing provisions, does this agreement and decree provide for "alimony in gross"? The district court found that it did and also that there had been a sufficient change in circumstances to otherwise justify and require a reduction in the alimony payments. The court decreed that child support payments should be reduced from $150 per month to $75 per month and that the alimony payments should be reduced, for a period of 6 months, from $150 per month to $100 per month, but that there should be no reduction in the gross amount owed by defendant under the original decree. In other words, although defendant's payments were temporarily reduced, he still owed and would have to pay the additional $50 per month provided for in the original decree of divorce. On the overruling of his motion for new trial, defendant has appealed.

It is a well-settled rule that: "An unqualified allowance of alimony in gross, whether payable immediately in full or periodically in installments, and whether in-

tended solely as a property settlement or an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment, and survives the death of the husband." Spencer v. Spencer, 165 Neb. 675, 87 N. W. 2d 212. Such an allowance is not subject to modification. See Ziegenbein v. Damme, 138 Neb. 320, 292 N. W. 921. In the absence of an allowance of "alimony in gross," the court has power to revise and alter its awards of alimony as to future payments under the provisions of section 42-324, R. R. S. 1943, and such right will be held automatically to exist, unless the decree defines and limits the rights of parties with such completeness and finality as to be clearly capable of and intended as a present vesting, and hence to possess in its scope the attributes of a final judgment. See Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51.

The distinction between "alimony" and "alimony in gross" may be gathered from the accepted definitions of the two terms. " 'Alimony,' which signifies literally nourishment or sustenance, is an allowance for support and maintenance, or, as has been said, a substitute for marital support. It is the allowance which a husband may be compelled to pay to his wife or former wife for her maintenance when she is living apart from him or has been divorced." 24 Am. Jur. 2d, Divorce and Separation, § 514, p. 640. "Alimony in gross, or 'lump-sum alimony,' is fundamentally the award of a definite sum of money; and if the sum is payable in instalments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in instalments is not determinative of the question whether it is gross alimony

or periodic alimony. On the other hand, alimony in general, or instalment alimony, contemplates periodic payments of a definite sum for the indefinite future, and terminates on the death of either party or the re-marriage of the wife." 24 Am. Jur. 2d, Divorce and Separation, § 614, p. 735. See, also, 27A C. J. S., Divorce, § 202, p. 868, § 235, p. 1076. The generally accepted rule may be found in the case of Walters v. Walters, 341 Ill. App. 561, 94 N. E. 2d 726. The phrase "alimony in gross" or "gross alimony" is always for a definite amount of money, the payment is always for a definite length of time, and it is always a charge on the estate of the hus-band and is not modifiable. It, therefore, appears that a decree providing for "alimony in gross," constituting a final judgment not subject to modification, must incor-porate each and every one of the following propositions to meet the recognized requirements for this type of judgment, to wit: (1) The award must be for a definite sum or for installments payable over a definite period of time; (2) it must be payable in full regardless of the death or remarriage of the judgment creditor; and (3) it cannot terminate on the death of the judgment debtor.

Examining the facts in the present case in the light of the foregoing rules, it appears that the alimony judgment entered is lacking in several of the features required in an award of "alimony in gross." This decree provides that the monthly payments of $150 per month shall ter-minate on the death or remarriage of the wife and that such payments shall be increased to $200 per month when the obligation for support of the minor child ends with the death, marriage, or coming of age of such child. It will be noted that both of these provisions are directly contradictory of an intent to make the pay-ments payable for a definite and certain period of time as the time of the death or remarriage of the wife cannot be ascertained nor can the time of the death or marriage of the child be ascertained. It is true that the decree contains a somewhat contradictory provision that all

payments shall cease when the wife attains the age of 65, but nevertheless, the uncertainties still exist in that she may remarry or die before attaining that age and the payments remain subject to variance in the event of the death or marriage of the child prior to attaining her majority. It will also be noted that the decree provides that the defendant husband shall maintain life insurance, made payable, in the event of his death, in such manner as to cover any obligations remaining under the decree at the time of his death. This provision indicates that the judgment was not intended or understood to be one surviving his death or constituting a valid claim against his estate. The provision that each party releases the property of the other whether such property was held at the time of the decree or should thereafter be acquired also indicates an intent to release the estate of the judgment debtor and serves as verification of the fact that the judgment was not intended to survive his death.

The decree does contain a general provision bearing some of the aspects of a judgment for "alimony in gross." It releases and satisfies all claims either party "can, shall, or may have in the future against the other." In a determination of whether or not this judgment is one for "alimony in gross," it appears that this provision is directly contradictory of the more specific provisions above mentioned. Under such circumstances, we believe that the specific provisions must control inasmuch as they clearly demonstrate that this judgment is lacking in several of the essentials required to constitute a judgment for "alimony in gross."

Plaintiff has relied primarily on two cases. The first, Ziegenbein v. Damme, *supra,* is readily distinguishable in that it clearly meets all the requirements of "alimony in gross," the award in that case being one for a gross amount payable in installments. The second is the case of Card v. Card, 174 Neb. 124, 116 N. W. 2d 21. In that case the award was for a gross sum payable in install-

ments with a provision that the obligation to pay further installments ceased on the death or remarriage of the plaintiff. That case did not determine that the judgment was one for "alimony in gross." The case was determined on the basis of an insufficient change in circumstances to justify a modification of the decree. This court stated: "In order to secure a revision of a divorce decree having such completeness and finality as to possess the attributes of a final judgment, new facts occurring since the decree was entered must be shown. * * * It is only where a divorce decree lacks the attributes of a final judgment, or reservations are contained in it that lay the foundation for modification, or where changed circumstances can be shown, that a divorce decree, otherwise final, may be modified after 6 months from the rendition of the decree. In the instant case the petition fails to show that any of the factors exist which would authorize a modification of the decree. The general demurrer was properly sustained and the action dismissed." These cases are not applicable to the present situation.

There is no issue in this court regarding the sufficiency of the evidence to show a change in circumstances justifying a modification of the original decree or regarding the exercise of a sound discretion by the trial court in fixing the terms of such modified decree. We, therefore, affirm the decree entered in the trial court with the exception that the reduction in payments provided for in such decree shall be effective for all purposes from the date of the decree and defendant shall not be obligated to reimburse plaintiff for the difference between the amount of the reduced payments and the original payments. Plaintiff is allowed $350 for the services of her attorney in this court and costs of appeal are taxed to defendant.

AFFIRMED AS MODIFIED.