CAROL ANN KARRER, APPELLEE, V. JOHN W. KARRER,
APPELLANT.

211 N. W. 2d 116

Filed October 12, 1973. No. 38917.

Lovell, Raymond & Hippe, for appellant.

James R. Hancock, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This appeal arises upon an application to modify a divorce decree in respect to the provision for alimony. The pertinent provision of the decree was as follows: "The defendant shall pay through the Clerk of the District Court the sum of $350.00 per month for a period of 121 months as alimony. The sum of $350.00 shall be due and payable on June 1, 1971, and a like payment on the 1st day of each month thereafter until said alimony is paid in full." The decree was entered on May 24, 1971.

Two principal questions are presented by the appeal. Is the provision one for alimony in gross, which under the previous holdings of this court is not subject to modification? Even if it is an award of alimony in gross, is it nonetheless subject to modification under the provisions of sections 42-365 and 42-379(3), R. S. Supp., 1972, which became effective July 6, 1972?

The application for modification was filed on October 11, 1972. The plaintiff demurred and filed a motion for summary judgment. The court sustained the demurrer and the motion for summary judgment. The defendant appeals. We affirm.

We have previously held that under the provisions of section 42-324, R. R. S. 1943, repealed July 6, 1972, a decree for alimony not in gross may be modified as to installments not yet due. Young v. Young, 138 Neb. 294, 292 N. W. 923. On the other hand, we have held that an unqualified allowance of alimony in gross, whether payable immediately in full or periodically in installments, vests presently and constitutes an absolute judgment not subject to modification. Ziegenbein v. Damme, 138 Neb. 320, 292 N. W. 921.

This court has on several occasions been called upon to interpret decrees for the purpose of determining whether the alimony provisions were or were not in gross. To support his claim that the award in the present case is not one for alimony in gross, the appellant relies upon Ball v. Ball, 183 Neb. 216, 159 N. W. 2d 297; Shomaker v. Shomaker, 183 Neb. 609, 163 N. W. 2d 102; and Wolter v. Wolter, 183 Neb. 160, 158 N. W. 2d 616. All these cases involved alimony not in gross and are not applicable to the case at hand. In Ball v. Ball, *supra,* the decree specifically provided that the installment payments should cease on the death or remarriage of the plaintiff. In Shomaker v. Shomaker, *supra,* the installment payments, although for a definite total sum, were " 'for the full support and maintenance of plaintiff and the three children of the parties hereto,

including the education of the children through high school and college.'" The single award in that case was a combination of alimony and child support and we there held it was not alimony in gross and was always subject to modification under the principles applicable to child support payments. In Wolter v. Wolter, *supra,* the monthly alimony award was specifically limited "until further order of the court." It was not therefore an award of alimony in gross.

Insofar as a determination of the question of whether the award in the present case was in gross is concerned, our holding in Ziegenbein v. Damme, *supra,* is determinative. In that case the applicable principle was stated: "An unqualified allowance of alimony in gross, whether payable immediately in full or periodically in instalments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment." The language of the award in that case was: "'by way of temporary and permanent alimony there is awarded (to the wife) * * * the total sum of Three Thousand Dollars * * * payable * * * at the rate of Thirty-five Dollars per month * * * until said sum is paid in full.'" We there said: "If the judgment in this case was intended to be subject to a defeasance in case of the wife's remarriage, it was necessary, since a vested right was involved, to have provided for such defeasance in the decree."

It is true that the decree in the present case does not set forth the total award as a sum. But this is not necessary. It is self-evident that the sum, $42,350, is no more certain than $350 multiplied by 121.

The appellant contends that Ball v. Ball, *supra,* modified the principles of Ziegenbein v. Damme, *supra,* and calls attention to the court's analysis on page 220 of 183 Nebraska. However, the language of the analysis was

obviously not intended to impose a requirement that the decree set forth in express terms propositions numbered (2) and (3) of that analysis. In Ball v. Ball, *supra,* we expressly reaffirmed the principle of Ziegenbein v. Damme, *supra,* and said that it "clearly meets all the requirements of 'alimony in gross.' " The award in Ball v. Ball, *supra,* was held not to be an award in gross because it specifically provided for a termination of the payments upon death or remarriage.

We find in this case that the award was one of alimony in gross.

We next consider the question of whether or not, because of the provisions of sections 42-365 and 42-379(3), R. S. Supp., 1972, the court nonetheless had the power to modify the alimony provision of the decree. The language of these sections of the statutes is clear. Section 42-365, R. S. Supp., 1972, provides in part: "Except as to amounts accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown, but where alimony is not allowed in the original decree dissolving a marriage, such decree may not be modified to award alimony. Except as otherwise agreed by the parties in writing or by order of the court, alimony orders shall terminate upon the death of either party or the remarriage of the recipient." Section 42-379(3), R. S. Supp., 1972, provides: "Sections 42-347 to 42-379 shall apply to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to July 6, 1972." It is obvious that the Legislature intended to give the courts power to modify any alimony award even though entered prior to July 6, 1972. The question then becomes, to what extent can such authority be granted?

The power of the courts to vacate or modify their own judgments is limited. Sherman County v. Nichols, 65 Neb. 250, 91 N. W. 198; Harris v. State, 24 Neb. 803, 40 N. W. 317; 49 C. J. S., Judgments, § 228, p. 433, § 230,

p. 438, § 238, p. 451. The underlying basis of our holdings in Ziegenbein v. Damme, *supra*, and like cases is that rights have vested and are not therefore subject to modification. The Legislature is subject to similar limitations and the foundation is constitutional and lies in the due process clause of the Fourteenth Amendment to the Constitution of the United States. Statutes may not operate retroactively so as to impair vested rights. Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449. This is the almost universal rule. Hodges v. Snyder, 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819; 16A C. J. S., Constitutional Law, § 417, p. 99; 2 Sutherland, Statutory Construction (4th Ed.), Sands, § 41.06, p. 268. Private rights of parties which have vested by the judgment of a court cannot be taken away by subsequent legislation, but must be enforced by the courts regardless of such legislation. Hodges v. Snyder, *supra*; Travelers Ins. Co. v. Ohler, *supra*. We have many times clearly recognized this principle. Mooney v. Drainage District, 134 Neb. 192, 278 N. W. 368. See, also, 1 Black on Judgments (2d Ed.), § 298, p. 455; 1 Freeman on Judgments (5th Ed.), § 204, p. 395.

A legislative act will not be permitted, even if an intent so to do is clear, to operate retrospectively where it will have the effect of invalidating or impairing rights which have vested by virtue of the judgment of a court. Travelers Ins. Co. v. Ohler, *supra*; Hodges v. Snyder, *supra*; Mooney v. Drainage District, *supra*.

We accordingly hold that the provisions of section 42-365, R. S. Supp., 1972, do not apply to judgments awarding alimony in gross entered previous to July 6, 1972.

The appellant makes one further contention. It is claimed that the alimony judgment was entered in error and conflicts with the judge's notes on the trial docket and that therefore the appellant's motion to correct the judgment nunc pro tunc should have been granted. The docket entry was as follows: "In addition the Plain-

tiff is allowed alimony from the Defendant at the rate of $350.00 per month for a period of 121 months. First payment payable on June 1, 1971. Any delinquent payments are to draw interest at the legal rate." It is true that the journal entry contains the words "until paid in full," but we perceive no conflict between the journal and the docket entry. There was no other evidence supporting a claimed clerical error in journalizing the judgment. The same judge who entered the alimony judgment heard the application for modification. There was no error in denying the motion to correct the decree nunc pro tunc. § 25-1318, R. R. S. 1943; Midwest Laundry Equipment Corp. v. Berg, 174 Neb. 747, 119 N. W. 2d 509.

AFFIRMED.