ROSALIE BRYANT, APPELLEE, v. ROBERT L. BRYANT,
APPELLANT.

216 N. W. 2d 162

Filed March 21, 1974.  No. 39245.

Andrew J. McMullen, for appellant.

John C. Mitchell and Timothy D. Whitty of Mitchell & Beatty, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

BOSLAUGH, J.

This is an appeal from a summary judgment denying the defendant's petition for modification of an alimony judgment. The petition for modification alleged the remarriage of the plaintiff and other changes in circumstances.

The parties were divorced on July 21, 1965. The decree approved a property settlement agreement between the parties which was incorporated by reference in the decree. The agreement provided the defendant would pay $150 per month to the plaintiff for a period of 8 years commencing the month following the date all the children of the parties attained the age of 18 years, married, died, or became self-supporting. The question presented is whether the alimony award was subject to modification.

An unqualified allowance of alimony in gross made before July 6, 1972, whether payable immediately in

full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is not subject to modification. Ziegenbein v. Damme, 138 Neb. 320, 292 N. W. 921; Ball v. Ball, 183 Neb. 216, 159 N. W. 2d 297; Karrer v. Karrer, 190 Neb. 610, 211 N. W. 2d 116. The present statute, section 42-365, R. S. Supp., 1972, is not applicable to judgments entered prior to July 6, 1972. Karrer v. Karrer, *supra*.

There was no provision in the decree or the property settlement agreement to indicate the payments due the plaintiff were intended as anything other than "alimony in gross." There was no provision regarding the death of the parties or the remarriage of the plaintiff. The trial court made no reservation of the power to modify. We conclude the award was not subject to modification.

The judgment of the District Court is affirmed.

AFFIRMED.