ELMER E. KASPER, APPELLANT, v. DOROTHY A. KASPER, APPELLEE.

240 N. W. 2d 591

Filed April 7, 1976. No. 40353.

Alfred A. Fiedler, for appellant.

A. James McArthur, for appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and CLINTON, JJ., and REAGAN, District Judge.

WHITE, C. J.

This case involves a petition to modify a divorce decree. The plaintiff, Elmer E. Kasper, was divorced from the defendant, Dorothy A. Kasper, in 1972. The divorce decree, dated March 14, 1972, provided: "That the Plaintiff shall pay to the Defendant in the way of alimony the sum of $24,200.00, payable at the rate of $200.00 per month for a period of 121 months to the Clerk of the District Court of Douglas County, Nebraska."

On November 26, 1974, the defendant remarried. In March 1975, the plaintiff filed an application to modify the March 14, 1972, divorce decree with respect to alimony. The District Court overruled the application to modify. The plaintiff filed a motion for a new trial, which was overruled. The plaintiff appeals. We affirm the judgment of the District Court.

The plaintiff argues that he should no longer be required to pay alimony pursuant to the decree because of the defendant's remarriage. The plaintiff urges us to

apply the provisions of sections 42-347 to 42-379, R. R. S. 1943, to this case and to terminate the alimony.

The alimony award in the March 14, 1972, divorce decree was an award of alimony in gross. It was unqualified. No provision was made in the decree that it should terminate upon death or remarriage of the recipient.

The law here is clear. "An unqualified allowance of alimony in gross made before July 6, 1972, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is not subject to modification." Bryant v. Bryant, 191 Neb. 539, 216 N. W. 2d 162 (1974). See, also, Karrer v. Karrer, 190 Neb. 610, 211 N. W. 2d 116 (1973); Ziegenbein v. Damme, 138 Neb. 320, 292 N. W. 921 (1940). The facts of this case fall clearly within the above-cited authorities. There is no merit to plaintiff's contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.