SHELDON A. BERNSTEIN and LORRIE H. BERNSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bernstein v. Commissioner
Docket No. 6430-76.
United States Tax Court
T.C. Memo 1978-84; 1978 Tax Ct. Memo LEXIS 433; 37 T.C.M. (CCH) 395; T.C.M. (RIA) 780084; February 28, 1978, Filed *433 A decree of divorce, dated April 24, 1972, provided, in part, that petitioner's former spouse be awarded (1) "alimony in gross" of $60,000, payable $1,000 per month for sixty months beginning in May, 1972 and (2) at the termination of said sixty months, if his wife had not remarried, "additional alimony" of $700 per month until the death of petitioner or his former spouse, his former wife's remarriage or 12 years after the date of the first $700 payment. Pursuant to the decree petitioner paid his former spouse $7,092 and $12,000 in 1972 and 1973, respectively. Held, under Nebraska law an award of alimony in gross made before July 6, 1972 is not subject to modification and, therefore, the award is not subject to a contingency, under sec. 1.71-1(d)(3)(i)(a), Income Tax Regs. Accordingly, the $1,000 per month installments are not periodic payments under sec. 71 and, consequently, not deductible by petitioner under sec. 215(a). Held further, the time provisions of the two awards under the decree cannot be tacked together to satisfy the more than 10 year requirement of sec. 71(c)(2). Held further, $700 of every alimony in gross installment payment is not comparable to and for the *434 same purpose as the $700 per month payments under the contingent 12 year alimony award. James A. Thomas, for the petitioners. Kenneth G. Gordon, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the calendar years 1972 and 1973 in the amounts of $2,803 and $4,897, respectively. The sole issue for decision is whether amounts paid by petitioner Sheldon A. Bernstein to his former wife, pursuant to a divorce decree, are periodic payments under section 71(a)(1), I.R.C. 1954, and are therefore deductible by him under section 215(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners Sheldon A. Bernstein and Lorrie H. Bernstein, husband and wife, resided in Los Angeles, California at the time petition herein was filed. They filed joint Federal income tax returns on the cash method, calendar year basis for the taxable years 1972 and 1973 with the district director, internal revenue service, Fresno, California. Lorrie H. Bernstein *435 is a party to these proceedings only because she joined in the filing of the returns in issue and, accordingly, Sheldon A. Bernstein shall hereinafter be referred to as petitioner. Petitioner and his former wife, Miriam Bernstein, were married on June 26, 1945 at Omaha, Nebraska. During their marriage they had three children: Sharon, Sandra and Sue. In January, 1971 petitioner filed an action in the District Court of Douglas County, Nebraska seeking a divorce from Miriam and on April 24, 1972 the court rendered judgment and granted a decree of divorce. After providing that petitioner and Miriam should be awarded their respective shares of the property accumulated by them during their married life, and identifying said properties, the court, in its decree, found as follows: VI. (1) The Court further finds that the Defendant should be awarded alimony in gross, in the sum of $60,000.00, payable as follows: $1,000.00 per month for sixty months, the first of said monthly installments to be paid on May 1, 1972, and a like amount on the first day of each succeeding month until the full amount of $60,000.00 is paid. Said alimony in gross in the sum of $60,000.00 shall be payable irrespective *436 of the death of either the Plaintiff or the Defendant, or the remarriage of the Defendant during said period of sixty months and judgment for the said sum of $60,000.00 shall be entered in favor of the Defendant and against the Plaintiff. (2) At the termination of said sixty months, if the Defendant has not remarried, the Defendant is awarded additional alimony in the amount of $700.00 per month, payable on the first day of each succeeding month until the occurrence of the first of the following events: (a) The death of the Plaintiff; (b) The death of the Defendant; (c) The remarriage of the Defendant; or (d) The elapse of twelve (12) years from and after the date of the payment of the first $700.00 monthly installment. All of the above and foregoing payments in (1) and 2) above shall be made by the Plaintiff to the Clerk of the District Court of Douglas County, Nebraska, and by said Clerk promptly remitted to the Defendant. VII. The Court further finds that the Plaintiff should pay to the Defendant for the support and maintenance of the minor child, Sue E. Bernstein, the sum of $400.00 per month and continuing until the occurrence of the first of the following events: (1) attainment *437 by said child of the age of majority under the laws of Nebraksa; (2) death of said child; or (3) said child becoming self-supporting or married. The first of such payments shall be made on May 1, 1972, and on the first day of each month thereafter while the same are payable and shall be paid by the Plaintiff into the office of the Clerk of the District Court of Douglas County, Nebraska, and by said Clerk promptly remitted to the Defendant for said purposes. * * *
This Decree shall not become final except for the purposes of appeal for a period of six (6) months from date thereof.
DATED at Omaha, Nebraska, this 24th day of April, 1972. Notice of judgment was filed in the District Court of Douglas County, Nebraska on April 26, 1972. Pursuant to section VI(1) of the decree, petitioner paid Miriam Bernstein $7,092 in calendar year 1972 and $12,000 in calendar year 1973. Petitioner claimed alimony deductions of $7,092 and $12,000 on his 1972 and 1973 returns, respectively. Respondent in his notice of deficiency, dated April 16, 1976, disallowed the alimony deductions explaining as follows: It is determined that the payments totaling $7,092 and $12,000 made in the taxable years 1972 *438 and 1973, respectively, to your former wife, Miriam Bernstein, are not deductible since they were not includible in the income of Miriam Bernstein, because they were installment payments discharging a part of an obligation the principal sum of which was stated in terms of money or property in the divorce decree, and payment was for less than 10 years. OPINION The parties substantially agree on the Federal tax law applicable herein, to wit: Section 215(a) [1] allows a husband to deduct amounts includible under section 71 in the gross income of his wife. Section 71(a)(1)[2] *440 includes in the wife's gross income periodic payments, "imposed on or incurred by the husband under" a divorce decree, received in discharge of a legal obligation arising out of the marital relationship. Section 71(c)(1)[3] excludes from the term "periodic payments" installment payments in discharge of a principal sum which is specified in the decree. However section 71(c)(2)[4] provides an exception to the general rule that, when under the decree the principal sum "is to be paid or may be paid over a period ending more than 10 years from the date of such decree * * *," then "the installment payments shall be treated *439 as periodic payments" to the maximum of 10 percent of the principal sum. Furthermore section 1.71-1(d)(3)(i), Income Tax Regs., provides as follows: Where payments under a *441 decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. (ii) Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71(a) regardless of whether-- (a) The contingencies described in subdivision (i)(a) of this subparagraph are set forth in the terms of the decree, instrument, or agreement, or are imposed by local law, or (b) The aggregate amount of the payments to be made in the absence of the occurrence of the contingencies described in subdivision (i)(a) of this subparagraph is *442 explicitly stated in the decree, instrument, or agreement, or may be calculated from the face of the decree, instrument, or agreement * * *. Therefore the parties agree that the principal issue for decision is whether the payments in issue, alimony in gross of $60,000 payable $1,000 per month for sixty months are (1) subject to a contingency imposed by local law and (2) in the nature of alimony or an allowance for support. Turning to Nebraska law we find that alimony in gross is distinguishable from alimony. In Ball v. Ball,183 Neb. 216, 159 N.W.2d 297, 300 (1968), the Nebraska Supreme Court defined both terms as follows: The distinction between "alimony" and "alimony in gross" may be gathered from the accepted definitions of the two terms. "'Alimony,' which signifies literally nourishment or sustenance, is an allowance for support and maintenance, or, as has been said, a substitute for marital support.It is the allowance which a husband may be compelled to pay to his wife or former wife for her maintenance when she is living apart from him or has been divorced." * * * "Alimony in gross, or 'lump-sum alimony,' is fundamentally the award of a definite sum of money; and if the sum *443 is payable in instalments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in instalments is not determinative of the question whether it is gross alimony or periodic alimony. On the other hand, alimony in general, or instalment alimony, contemplates periodic payments of a definite sum for the indefinite future, and terminates on the death of either party or the remarriage of the wife." * * * (Citations omitted) Clearly, under Ball v. Ball, payment of an award of alimony in gross is not contingent upon the death of either spouse, remarriage of the wife or change in economic status of either spouse. Cognizant of Ball v. Ball,supra, petitioner contends that the statutory Nebraska divorce laws were subsequently revised, effective July 6, 1972, to provide, in part, that an alimony in gross award similar to the one in issue is subject to modification by a local court and is therefore *444 subject to a contingency within the meaning of section 1.71-1(d)(3)(i)(a), Income Tax Regs.
Petitioner submits that although the divorce decree herein was entered on April 24, 1972 both Nebraska law and the decree provided that it should not become final, except for purposes of appeal, until six months thereafter. During this six month period the court may vacate or modify its decree. Neb. Rev. Stat. sec. 42-340, R.R.S. 1943, repealed July 6, 1972; Neb. Rev. Stat. sec. 42-363 (Supp. 1972). The six month interlocutory period expired after the enactment of the 1972 Nebraska Uniform Divorce Recognition Act and therein Neb. Rev. Stat. sec. 42-365 provides as follows: Decree; alimony; determination; modification. When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. Reasonable security for payment may be required by the court. Except as to amounts accrued prior to the *445 date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown, but where alimony is not allowed in the original decree dissolving a marriage, such decree may not be modified to award alimony. Except as otherwise agreed by the parties in writing or by order of the court, alimony orders shall terminate upon the death of either party or the remarriage of the recipient. Additionally Neb. Rev. Stat. sec. 42-365 "shall apply to all proceedings commenced after their effective date for the modification of a judgment or order entered prior to July 6, 1972." Neb. Rev. Stat. sec. 42-379(3) (Supp.1972). Therefore petitioner asserts that "the [Nebraska] legislature intended to give the courts power to modify any alimony award even though entered prior to July 6, 1972." Karrer v. Karrer,190 Neb. 610, 211 N.W.2d 116, 118, 119 (1973). In Karrer, the court found that although the language of Neb. Rev. Stat. secs. 42-365 and 42-379(3) is clear, "[the] power of the courts to vacate or modify their own judgments is limited. * * * [Rights that] have vested and are not therefore subject to modification; [and] [statutes] may not operate retroactively *446 so as to impair vested rights." Accordingly, the court held that the provisions of Neb. Rev. Stat. sec. 42-365 do not apply to judgments awarding alimony in gross entered previous to July 6, 1972. Recognizing the holding of Karrer v. Karrer,supra, petitioner contends that, as his divorce decree did not become final until October 24, 1972 and that it could be vacated or modified prior thereto, his former spouse received no vested rights under the decree until, approximately, three months after the enactment of Neb. Rev. Stat. sec. 42-365. Consequently the statute may be applied retroactively to modify alimony payments under the divorce decree. We do not agree; Nebraska law is directly contrary. In Kasper v. Kasper,195 Neb. 754, 240 N.W.2d 591 (1976), the divorce decree, dated March 14, 1972, provided for an award of alimony in gross of $24,200 payable $200 per month for 121 months. The award was unqualified and there was no provision in the decree that it should terminate upon death or remarriage of the recipient. The decree became final September 14, 1972. In November 1974 the wife remarried and in March 1975 the husband filed, in District Court, Douglas County, Nebraska, an *447 application to modify the decree with respect to alimony stating "[that] said alimony was designed to provide necessary support, and it is no longer necessary to require the continuance of the payments due to said re-marriage * * *". The district court, citing Bryant v. Bryant,191 Neb. 539, 216 N.W.2d 162 (1974), denied the husband's application to modify and the Supreme Court of Nebraska in affirming its lower court stated at 591: The law here is clear. "An unqualified allowance of alimony in gross made before July 6, 1972, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is not subject to modification." Bryant v. Bryant,191 Neb. 539, 216 N.W.2d 162 (1974). See, also, Karrer v. Karrer,190 Neb. 610, 211 N.W.2d 116 (1973); Ziegenbein v. Damme,138 Neb. 320, 292 N.W. 921 (1940). The facts of this case fall clearly within the above-cited authorities. There is no merit to plaintiff's contention. Clearly the holding of Kasper v. Kasper is dispositive of the contingency issue involved herein and, therefore, the payments in issue are not periodic under section 71(a). [5] *448 Alternatively, petitioner submits that in the event we find the alimony in gross payments not contingent under state law then the payments under sections VI(1) and (2) of the divorce decree should be read together and must be considered a single undivided award of alimony--a comprehensive plan for the wife's support. Consequently, "the payments could well extend beyond the ten years from the date of the decree * * * [or] could also cease much earlier [payments under section VI(2) are subject to several contingencies] * * *" and therefore these payments are periodic under section 71 and deductible by petitioner under section 215. Secondly petitioner contends that if we find the sixty $1,000 per month payments to constitute payments on a fixed sum, then at least $700 of each payment is deductible. Glasgow v. Commissioner,21 T.C. 211 (1953). Again, we must disagree with petitioner. We do not believe we can unify the payments under sections VI(1) and (2) to satisfy the more than 10 year test under section 71(c)(2). *449 We have heretofore stated that under Nebraska law there are substantial differences between an award of alimony in gross and alimony. The former is an award of a lump sum, not subject to any conditions or limitations; the latter is a substitute for marital support, subject to limitation and modification. While section VI may have provided a single and overall plan for the continued support and maintenance of petitioner's former spouse, [6] "we do not think that requires us to press the payments under both * * * [subsections] in the same mold when the * * * [decree itself] differentiated them." Bartsch v. Commissioner,18 T.C. 65, 69 (1952), affd. 203 F.2d 715 (2nd Cir. 1953). Moreover *450 payments under section VI(2) might not have come into existence if prior to the end of the sixty month period under section VI(1) petitioner or his former spouse died or she remarried. Section VI(1) payments were payable in all events, but section VI(2) payments were contingent; apples and oranges. In short, the time provisions of section VI(2) cannot be tacked to those of VI(1) and thus satisfy the more than 10 year requirement of section 71(c)(2). "* * * [The] different provisions should be treated as separate and independent provisions and taxed or deducted according to the terms of the particular provision." Hunt v. Commissioner,22 T.C. 561, 565 (1954). Also we reject petitioner's final contention. In Glasgow v. Commissioner,supra, the husband, pursuant to a settlement agreement and immediately after the granting of a divorce decree in 1947, paid his wife $12,500. The agreement also provided that the wife was to receive, until her death or remarriage, annual payments of $3,000 to begin in January, 1949. We found that the initial payment of $12,500, although shown in the agreement merely as a lumpsum payment, was composed of three items: (1) $3,000 representing an amount *451 for 1948 comparable to and for the same purpose as the annual payments to begin in January, 1949; (2) $2,500 for the attorneys' fees of the wife; and (3) $7,000 for nursing, medical and surgical services which the wife was liable for in 1947 and/or 1948. We held that of the $12,500 paid in 1947 only $3,000 was a periodic payment and deductible by petitioner. In the instant case we are unable to infer that $700 of every $1,000 per month installment payment "is comparable to and for the same purpose" as the $700 per month payments under section VI(2). The phrase "additional alimony" under section VI(2) is not determinative when there are such substantial differences, under state law, between the payment rights granted petitioner's former spouse under sections VI(1) and (2). Decision will be entered for the Respondent. Footnotes
1. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income. 2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.
(a) General Rule.-- (1) Decree of Divorce or Separate Maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. 3. SEC. 71.(c) Principal Sum Paid in Installments.-- (1) General Rule.--For purposes of subsection(a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. ↩
4. SEC. 71↩.(c)(2) Where Period for Payment is More Than 10 Years.-- If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.
5. In view of our holding we need not decide whether the payments under section VI are in the nature of alimony or an allowance for support under sec. 1.71-1(d)(3)(i)(b), Income Tax Regs.↩
6. At the time of the divorce, Miriam Bernstein was 47 years old. She had no special training in any particular field, only a high school education, and had never been gainfully employed during the 26 years of her marriage to petitioner. Thus petitioner asserts that section VI of the decree provides for her support inasmuch as sections IV, V, VII, VIII, IX, and XI delineate the equal division of the property of the marriage, child support, court costs, attorney's fees and accounting costs, respectively.↩