VIVIAN WATLEY, APPELLEE, V.
ORLIN WATLEY, APPELLANT.

302 N.W.2d 690

Filed February 27, 1981. No. 43101.

Law Offices of Kenneth Cobb, P.C., for appellant.

David B. Downing for appellee.

Heard before BOSLAUGH, BRODKEY, and WHITE, JJ., and CASE and GARDEN, District Judges.

GARDEN, District Judge.

This case involves a petition to modify a divorce decree. The plaintiff, Vivian Watley (now Merrill), was divorced from the defendant, Orlin Watley, in 1972. The written stipulation of the parties provided in part as follows:

"8. The defendant agrees to pay the plaintiff the sum of $1,000.00 on or before the 10th day of July, 1972, and $1,000.00 on or before the 10th day of each month thereafter, for a total of 20 years, or 240 months.

"9. The defendant agrees that to secure the payments specified in paragraph 8. above, he will continue to maintain his present life insurance program, consisting of the following, to-wit:

| | |
|---|---|
| Policy # V-8093276 | $ 1,000.00 |
| Policy # V-818-9888 | 2,000.00 |
| Policy # 224893 | 10,000.00 |
| Policy # 5682877 | 35,000.00 |
| Policy # 60499136 | 42,450.00 |
| Total Face Value .............. | $90,450.00 |

"Defendant further agrees that he will exhibit these

policies to plaintiff at any reasonable time and he will further cause the issuing company or companies to prepare proper forms to be executed by the defendant which will provide, in effect, that the defendant shall not change the beneficiary of said life insurance policies without the written consent of the plaintiff. At such time as all 240 payments have been made, the plaintiff's claim or lien or interest in these said life insurance policies shall cease to exist and shall be released by the plaintiff to any insurance company if requested to do so. The defendant further agrees that so long as any payments shall remain due under paragraph 8. above, he will not pledge, mortgage, assign or in any way encumber the life insurance policies referred to herein.

"Defendant further agrees as additional security for the payment of the provisions in paragraph 8., not to do anything of his own act to diminish the value of the assets of his estate, including his stock in Ag-Tronic, Inc.

"10. In the event the plaintiff has remarried at the time of her death and payments are still due under paragraph 8. above, then no further obligation for payment shall exist and the judgment will be fully satisfied. In the event of the plaintiff's death and she has not remarried, then all payments due from the defendant, as set forth in paragraph 8. above, shall be payable equally to the two (2) sons of the parties hereto in the same manner and at the same rate as contained in the said paragraph 8."

The divorce decree entered on June 30, 1972, provided in part:

"8. The court further finds that the defendant should pay to the plaintiff the sum of $1,000.00 per month, commencing with the month of July, 1972, for a total of 240 months, and the Court further approves the security arrangements for these said payments, as set forth in detail in the Stipulation.

"9. The Court approves the division of property in all

respects, as set forth in detail in the said Stipulation of the parties."

The plaintiff married Harvey Merrill on July 5, 1975. The defendant filed a petition for modification on December 18, 1975, alleging the marriage of plaintiff to Harvey Merrill; that Harvey Merrill is able to provide for the needs of the plaintiff in at least as good a manner as that to which she was accustomed prior to the divorce; that it is not necessary for her support or maintenance that she receive the sum of $1,000 per month from the defendant; that it will operate as a gross injustice to the defendant to continue paying said sum during the marriage of the plaintiff to Harvey Merrill; and prayed that the decree be modified.

Thereafter, the plaintiff filed a petition for modification, alleging that her needs had materially increased; that the ability of the defendant to pay had materially increased since the date of the decree; and prayed for a modification of the decree to increase her monthly payment to $2,000 per month for the balance of the 20-year period originally specified.

Issues were joined and trial was had to the court, resulting in the dismissal of both petitions for modification. The defendant filed a motion for new trial, which was overruled, and perfected his appeal. We affirm the judgment of the District Court in dismissing defendant's petition for modification.

The defendant argues that he should no longer be required to pay alimony pursuant to the decree because of the plaintiff's remarriage. The defendant urges us to apply the provisions of Neb. Rev. Stat. § 42-365 (Reissue 1978) to this case and to terminate the alimony.

The alimony award in the June 30, 1972, divorce decree was an award of alimony in gross. It was unqualified. While it is true that paragraph 10 of the stipulation of the parties provided for termination of the monthly payments upon the death of the plaintiff after remarriage, no such provision was made in the decree that it should terminate upon death or re-

marriage of the recipient. Prior to the enactment of Neb. Rev. Stat. § 42-366 (Reissue 1978), the effective date of which was July 6, 1972, the law was clear regarding the effect of stipulations concerning property settlement and alimony. "Courts may approve property and alimony settlements made between the parties, when a divorce is granted, if it finds the same to be fair and equitable. However, when the court in its decree determines and fixes the amount of alimony and no appeal is taken therefrom, the effect of the stipulation, so far as the decree is concerned, is that it was taken merely as advisory to the court and the terms fixed by the decree are controlling." *Dunlap v. Dunlap*, 145 Neb. 735, 739, 18 N.W.2d 51, 53 (1945); *Coker v. Coker*, 173 Neb. 361, 113 N.W.2d 329 (1962). We therefore view the case from the standpoint of the provisions of the decree.

The law here is clear. "'An unqualified allowance of alimony in gross made before July 6, 1972, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is not subject to modification.'" *Kasper v. Kasper*, 195 Neb. 754, 755, 240 N.W.2d 591 (1976); *Bryant v. Bryant*, 191 Neb. 539, 216 N.W.2d 162 (1974). See, also, *Karrer v. Karrer*, 190 Neb. 610, 211 N.W.2d 116 (1973); *Ziegenbein v. Damme*, 138 Neb. 320, 292 N.W. 921 (1940). The facts of this case fall clearly within the above-cited authorities. There is no merit to defendant's contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.